## PATRICK vs. WARNER.

A party who is committed to gaol on a precept in the nature of an attachment for the non-payment of costs, is entitled to the gaol liberties ; but he is not exempt from imprisonment under the act to abolish imprisonment for debt and to punish fraudulent debtors.

THIS suit was instituted for the foreclosure and satisfaction of a mortgage, and the usual decree for a sale of the premises and for the delivery of the possession thereof to the purchaser was entered. The defendant having neglected to deliver the possession of a part of the premises according to the decree, proceedings were instituted against him, which resulted in an order for a writ of assistance, to put the purchaser into possession, and an order that the defendant pay the costs of the proceedings, or that an attachment issue. The defendant having neglected to pay those costs, a subsequent order was obtained, for a precept to commit him to prison until the costs were paid. A motion was now made on behalf of the defendant to discharge him from the custody of the sheriff, who had arrested and committed him on such precept.

*E. H. Kimball,* for the complainant, insisted that the act to abolish imprisonment for debt did not extend to this case.

*H. G. Wheaton,* for the defendant, cited *Laws of* 1831, *p.* 396, § 1 ; 3 *Paige's Ch. Rep.* 36, 43, 44; 9 *Wendell,* 430.

March 4.

THE CHANCELLOR. The counsel for the defendant is under a mistake in supposing that his client is exempt from imprisonment in this case under the act to abolish imprisonment for debt and to punish fraudulent debtors. ·(*Laws of* 1831, *p.* 396.) The precept for commitment in this case is in the nature of a civil execution, and the defendant is therefore entitled to the privilege of the gaol liberties. (2 *R. S.* 433, § 40.) But he is imprisoned for the costs of a proceeding as for a contempt to enforce a civil remedy. His case, therefore, is expressly excepted from the operation of the act of April, 1831, by the provisions of the second section of that act. The precept, under which he is imprisoned, issued under and in conformity with the fourth section of the title of the revised statutes, which relates to proceedings as for contempts to enforce civil remedies and to protect the rights of parties in civil actions. (2 *R. S.* 534.) And it was the intention of the legislature to except proceedings under that title of the revised statutes from the operation of the non-imprisonment act. The case of *The People, ex rel. Richardson*, v. *Onondaga C. P.* (9 *Wendell's Rep.* 430,) cited by the defendant's counsel, came within the letter of the act of 1831, and was not embraced within any of the exceptions specified in the second section. If an order for the payment of interlocutory costs cannot be enforced by the imprisonment of a party, the adverse party would in most cases be without remedy, although the property of the person who is liable to pay such costs was more than sufficient to pay all his debts.

If a party is really unable to pay a bill of costs of this description, to the payment of which he is sometimes subjected by the bad advice of his counsel, and without any fault on his part, he ought not to suffer perpetual imprisonment. I therefore can see no good reason why such cases should have been excepted from the benefit of the article of the revised statutes which provides for the discharge of imprisoned debtors, upon a voluntary surrender of their property to the creditors by whom they are imprisoned. (2 *R. S.* 31.) In the present case I can give no relief to the defendant; and if he cannot get discharged under any of the insolvent acts, his only remedy is by an application to the legislature to extend the provisions of

this article of the revised statutes to the case of an imprison-
ment for the non-payment of costs.

The application to discharge the defendant from the custo-
dy of the sheriff must be denied.