## THE STATE v. MURRAY ET AL.

1. **Criminal Law**: INFORMATION: WHAT IT MUST STATE. An information must contain a statement of the facts constituting the offense charged. It is insufficient if it merely charge the commission of a crime by its technical name.

*Appeal from Dubuque District Court.*

WEDNESDAY, DECEMBER 8.

ON the 23d day of June, 1873, the following information was filed before H. Tuttle, a justice of the peace of Dubuque county:

" *State of Iowa, Dubuque county, ss:*

THE STATE OF IOWA
　　　v.
JAMES MURRAY, and
PATRICK MURRAY.
}　*Before H. Tuttle, justice of the peace.*

The defendants are accused of the crime of assault, for that the defendants on the 2d day of June, A. D., 1873, at the county of Dubuque, and State of Iowa, did willfully and

maliciously assault one Bridget McCoy, contrary to the statute in such cases made and provided, and against the peace and dignity of the people of said state.

(Signed;)        Her

                       BRIDGET ⋈ McCoy."

                        mark.

On this information the defendants were tried and convicted, and they appealed to the District Court of Dubuque county.

In the District Court, the defendants demurred to the information for the reason that it did not state the acts constituting the offense charged. This demurrer was overruled, and upon a trial before the court and a jury, a verdict of guilty was rendered, which the defendants moved to arrest upon the same ground as assigned for the demurrer. The motion was overruled and judgment rendered on the verdict, from which defendants appeal to this court.

*F. O'Donnell* and *D. E. Lyon*, for appellants.

*M. E. Cutts, Attorney General*, for the State.

MILLER, CH. J.—Section 5057 of the Revision (Code, Sec. 4662), provides that an information before a justice of the peace, charging the commission of a public offense, " must contain   *   *   *   a statement of the acts constituting the offense in ordinary and concise language, and the time and place of the commission of the offense, as near as may be."

The information in this case fails to comply with this provision of the statute, in that the " acts constituting the offense " are not stated therein. It accuses the defendants with committing an assault, for that they committed an assault. It would not do to accuse a person with the crime of larceny, and merely allege that he committed larceny at a time and place stated. The acts which in law constitute larceny must be alleged. So in respect to every criminal offense. It will not do to accuse a party with the commission of a crime by its technical name merely. The acts which make up the offense must be charged. This was so without the statute. The judgment must be

                        REVERSED.