## JAMES L. GANDY, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Contempt:** JURISDICTION OF DISTRICT COURT. The district court has authority to punish by proceedings for contempt any person who attempts to corrupt or unlawfully influence jurors in a case pending before the court.

2. ———: PRACTICE: TRIAL. Proceedings for contempt not committed in the presence of the court are instituted by filing an information under oath stating the facts constituting the alleged

contempt. An attachment or order to show cause will then be issued, and the party accused brought before the court. As the proceeding is solely to protect public justice from obstruction the accused is not entitled to trial by jury.

3. ———: REVIEW ON ERROR. A judgment for contempt may be reviewed on error in the supreme court in the same manner as criminal cases.

ERROR to the district court for Richardson county, WEAVER, J., presiding.

*E. W. Thomas* and *C. Gillespie,* for plaintiff in error, cited: 20 Am. Law Reg., 147. *Whittem v. The State,* 36 Indiana, 204. *Cartwright's Case,* 114 Mass., 239. *State v. Blackwell,* 10 Rich., 35. *Wilson v. The State,* 57 Ind., 73. *Bates' Case,* 55 New Hamp., 325. *State v. Murry,* 14 Cal., 114. *Stephens v. Hill,* 10 M. & W., 28. *State v. Holding,* 1 McCord, 379. 15 Cent. Law Journal, 42. *Ex parte Grace,* 12 Iowa, 215.

*C. J. Dilworth, Attorney General,* and *W. H. Morris, District Attorney,* for the State, cited: *Bickley v. Commonwealth,* 2 Dall., 574. *Johnson's Case,* 1 Bibb., 578. *Ex parte Kearney,* 7 Wheat., 44. *Cook v. People,* 16 Illinois, 534. *Respublica v. Oswald,* 1 Dall., 343. *State v. Dooty,* 32 N. J. Law, 404. *Bergh's Case,* 16 Abb. Pr., N. S., 266. *Com. v. McDonall,* 5 Cush., 367.

MAXWELL, J.

This is a petition in error to review the judgment of the district court of Richardson county finding the plaintiff in error guilty of contempt and imposing a fine and imprisonment. The proceedings are based upon the following information:

"THE STATE OF NEBRASKA ⎫ Before district court in and
v. ⎬ for Richardson county.
JAMES L. GANDY. ⎭ Hon. A. J. Weaver, Judge.

"The information of Wm. H. Morris, district attorney of the first judicial district of the state of Nebraska, made

this twenty-second day of June, A.D. 1882, gives the court to know and understand that heretofore, to-wit:   On the seventh day of June, A.D. 1882, the same being a day of the regular June term, A.D. 1882, of the district court of the first judicial district of the state of Nebraska, holden in and for Richardson county, a certain suit, wherein one M. E. Gandy was plaintiff and one J. P. Pool was defendant, was there depending before said court, and which said suit was on said seventh day of June, 1882, being heard on trial before said court, and a jury having been called and sworn therein, to-wit:   In said suit to try the issues joined between said parties thereto, and that the persons called, empaneled, and sworn as jurors in said cause were William Gerdes, Elias Finbaugh, etc. (giving names of the jurors), and that after said jury was empaneled and sworn, and during the pendency and trial of said cause, and that then and there, during said pendency and trial of said suit, the said James L. Gandy (who is the husband of the plaintiff in said suit, to-wit, the husband of the said M. E. Gandy) did willfully attempt to obstruct the proceedings and hinder the due administration of justice in said suit then and there depending and on trial as aforesaid before said district court, in this, to-wit:   By attempting to procure one George A. Abbott, Jerry Ackerman, and other persons, whose names are to this affiant and informant unknown, to unlawfully seek, strive, and attempt to corrupt and influence the jurors, to-wit, Wm. Gerdes, Elias Finbaugh, John Penninyh, David Jones, and divers other persons (members of and persons composing the jury aforesaid in said suit aforesaid so depending before said district court aforesaid) in their action, judgment, and decision there to be arrived at in said suit so depending and on trial before said district court, in contempt of this said district court and its dignity, and contrary to the statute in such case provided.                    "WM. H. MORRIS,
                              "*District Attorney.*"

The defendant (plaintiff in error) moved to quash the information—

*First.* Because it did not state facts sufficient to give the court jurisdiction.

*Second.* Because it charged no specific act.

The motion was overruled. The defendant thereupon demanded a trial by jury, which was refused. The court then heard the evidence in the case, and found the defendant guilty of willfully attempting to obstruct the proceedings and to hinder the due administration of justice. A bill of exceptions was thereupon signed and the case brought into this court.

The offense charged is, in substance, that the defendant willfully attempted to obstruct the administration of justice by attempting to procure Abbott and Ackerman to unlawfully attempt to corrupt and influence certain jurors. Does the information state any offense? The proceeding is in the nature of a criminal prosecution, and the same degree of certainty is required in stating the offense as would be required if the proceedings were instituted under the criminal law. Where an attempt, which is not indictable, becomes so when coupled with an intent to do an act that is indictable, the attempt and intent must be so pleaded as to show a criminal act. 2 Bish. Cr. Pro. (3d Ed.), sec. 86. Therefore it is not enough to charge an individual with attempting to steal goods or generally to commit a criminal act, but the *act itself* must be set out. Bish. Cr. Pro., sec. 88, and cases cited. The reason is stated by BULLER, J., in *Rex v. Lyme Regis*, 1 Doug., 149, who said: "You have only occasion to state facts; which must be done for the purpose of informing the court, whose duty it is to declare the law arising upon these facts, and to apprise the opposite party of what is meant to be proved in order to give him an opportunity to answer or traverse it." See also *The State v. Murray*, 41 Iowa, 580. *Reg. v. Harvey*, 8 Cox, C. C., 99.

The word "attempt" may be defined, an intent to do a thing coupled with an act which falls short of the thing intended. 1 Bish. Cr. Law, sec. 510. *State v. Marshall*, 14 Ala., 411. *Johnson v. State*, 14 Ga., 55. As a rule the intent is to be gathered from what is done, as there must be an act as well as an intent to constitute the offense. *The People v. Murray*, 14 Cal., 159. Hence the necessity of stating the particular acts constituting the alleged attempt.

In the case at bar there is not a single fact alleged showing an attempt on the part of the defendant to improperly influence jurors. That is, there is no statement of what he did. The information therefore fails to state an offense.

*Second.* To what extent may a court punish for contempt not committed in its presence, in other words, constructive contempt?

Sec. 669 of the code provides that: "Every court of record shall have power to punish by fine and imprisonment, or by either, as for criminal contempt, persons guilty of any of the following acts: *First*, disorderly, contemptuous, or insolent behavior towards the court, or any of its officers, in its presence; *second*, any breach of the peace, noise, or other disturbance tending to interrupt its proceedings; *third*, willful disobedience of, or resistance willfully offered to any lawful process or order of said court; *fourth*, any willful attempt to obstruct the proceedings or hinder the due administration of justice in any suit, proceedings, or process pending before the courts; *fifth*, the contumacious and unlawful refusal of any person to be sworn or affirmed as a witness, and when sworn or affirmed the refusal to answer any legal or proper interrogatory."

Section 670 of the code provides that: "Contempts committed in the presence of the court may be punished summarily; in other cases, the party upon being brought before the court shall be notified of the accusation against him, and have a reasonable time to make his defense."

Section 671 of the code provides that: "Persons pun-

ished for contempt, under the preceding provisions, shall nevertheless be liable to indictment, if such contempt shall amount to an indictable offense; but the court before which the conviction shall be had may in determining the punishment take into consideration the punishment before inflicted in mitigation of the sentence."

In *Stewart v. The People*, 3 Scammon, 395, the supreme court of Illinois say : "Contempts are either direct, such as are offered to the court while sitting as such, and in its presence, or constructive, being offered not in its presence, but tending by their operation to obstruct and embarrass or prevent the due administration of justice. Into this vortex of constructive contempts have been drawn by the British courts many acts which have no tendency to obstruct the administration of justice, but rather to wound the feelings or offend the personal dignity of the judge."

Erskine, in a letter to a member of the bar, very clearly stated the general principle (27 Howell State Trials, 1019) as follows: "Every court must have power to enforce its own process and to vindicate contempts of its authority; otherwise the laws would be despised; and this obvious necessity at once produces and limits the process of attachment. Wherever an act is done by a court which the subject is bound to obey, obedience may be enforced and disobedience punished by that summary proceeding. Upon this principle, attachments issue against officers for contempt in not obeying the process of courts directed to them as ministerial servants of the law; and the parties on whom such process is served may, in like manner, be attached for disobedience. Many other cases might be put, in which it is a legal proceeding, since every act which tends directly to frustrate the mandates of a court of justice is a contempt of its authority. But I may venture to lay down this distinct and absolute limitation of such process, namely, that it can only issue in cases where the court which issues it has awarded some process, given some judgment, made

some legal order, or done some act which 'the party against whom it issues, or others on whom it is binding, have either neglected to obey, contumaciously refused to submit to, incited others to defeat by artifice or force, or treated with terms of contumely and disrespect in the face of the court."

The court undoubtedly has power to punish for contempt any attempt to corrupt or unlawfully influence jurors, notwithstanding such party may likewise be indicted for the same offense. This power is necessary to enable the court to administer justice.

*Third.* The proceeding against a party for constructive contempt must be commenced by an information under oath, specifically stating the facts complained of; an attachment may then be issued, or order to show cause. The person accused has the right to be heard, either personally or by attorney. If the alleged contempt is admitted, the court may render judgment thereon. If the acts complained of are denied, the court should then hear the evidence and determine whether the party is guilty or not. No jury is allowed, as the question involved affects the administration of justice, and may require the prompt action of the court or judge to prevent an obstruction of the law or a failure of justice.

Summary punishment for contempt is held not to be an infringement of the constitution which guarantees to every citizen a trial by jury. *State v. Doty*, 32 N. J. L., 403. *State v. Mathews*, 37 N. H., 450. *Patrick v. Warner*, 4 Paige, 397. *Ex parte Grace*, 12 Iowa, 208. This power, however, is to be exercised only where no other adequate remedy can protect public justice from obstruction. *State v. Anderson*, 40 Iowa, 207. *In re Hirst*, 9 Phila., 216.

*Fourth.* Can a judgment against a party guilty of contempt be reviewed by this court? We have no hesitation in answering the inquiry in the affirmative. A large number of cases might be cited holding that there can be no

review, but they are not applicable here. At common law a conviction of a criminal offense was final and not subject to review. And the courts applied the same rule to a conviction for contempt. But the court would look into the charge to see if it was such an offense as gave the court jurisdiction. Thus in *Bushell's Case*, Vaughn, 135, where the jury were fined and imprisoned for disregarding the instructions of the court and finding the prisoners not guilty, the jury was discharged on habeas corpus because the proceeding was unauthorized and an arbitrary exercise of power. See also *Burdet v. Abbott*, 14 East, 60–70. There is no good reason shown in any case that we have examined why cases of contempt are not subject to review. *Commonwealth v. Newton*, 1 Grant (Penn.), 453. *Ex parte Rowe*, 7 Cal., 175. *Ex parte Langdon*, 25 Vt., 680. *Regina v. Paty*, 2 Ld. Raym., 1106, 1115. Coke on Lit., 288. *Bickley v. Commonwealth*, 2 J. J. Marsh, 572. *Stuart v. People*, 3 Scam., 395. *Vertner v. Martin*, 10 Smede & Mar., 103. *Baltimore & Ohio R. R. Co. v. City of Wheeling*, 13 Grat., 40. *Ex parte Yates*, 6 Johns., 337. *M' Credie v. Senior*, 4 Paige, 378. *The People v. Craft*, 7 Paige, 325. *Albany City Bank v. Schermerhorn*, 9 Paige, 372. *The People v. Furman*, 2 Am. Law Rev., 353. *The People v. Hackley*, 24 N. Y., 74. *Pitt v. Davison*, 37 N. Y., 235. *Vilas v. Burton*, 4 Am. Law Reg., 168. *In re Hummell*, 9 Watts, 416.

The judgment of the district court is reversed and the defendant discharged.

JUDGMENT ACCORDINGLY.