Ludden v. State.

LUTHER P. LUDDEN v. STATE OF NEBRASKA.

| 31 | 429 |
| 45 | 874 |
| 31 | 429 |
| 48 | 110 |
| 31 | 429 |
| 54 | 629 |

[FILED FEBRUARY 24, 1891.]

1. **Proceedings for contempt** not committed in the presence of the court are instituted by filing an information under oath stating the facts constituting the alleged contempt. The charge should be stated in a positive manner, and it is not sufficient for the affiant to allege that he "is informed and believes" certain material facts.

2. **Proof** examined, and *held*, not to sustain the finding of the court that the plaintiff in error had violated the order of the court.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Chas. O. Whedon*, for plaintiff in error, cited: *B. & M. R. Co. v. York Co.*, 7 Neb., 487; *B. & M. R. Co. v. Young*

*Bear*, 17 Id., 670; *Thompson v. Stetson*, 15 Id., 112; *B. & M. R. Co. v. Kearney Co.*, 17 Id., 515.

*G. M. Lambertson, contra*, cited, contending that the affidavits charging contempt were sufficient: *Jordan v. Wapello County*, 69 Ia., 177; *Stark v. Williams*, 18 Nev., 430; that the sufficiency of the original petition cannot now be questioned: *Cape May, etc., R. Co. v. Johnson*, 35 N. J. Eq., 422.

MAXWELL, J.

On the 5th day of April, 1890, the St. Mark's Evangelical Lutheran Church of Lincoln, Nebraska, brought an action in the district court of Lancaster county against the Board of Church Extension of the General Synod of the Evangelical Lutheran Church in the United States, Luther L. Lipe, and Luther P. Ludden, in which the plaintiff claimed an interest in lot 6, block 91, in the city of Lincoln, etc.

The prayer of the petition is "that a receiver may be appointed to take charge of said premises pending this litigation, and to receive and collect the rents thereof and hold the same subject to the order of this court; that said defendants be restrained and enjoined from entering upon said premises and removing said buildings, and from selling said premises or buildings, and from digging up the earth on said premises and removing the same, and from erecting other buildings thereon, or in anywise interfering with said premises; that said deed from said defendant L. L. Lipe to said board be declared null and void, and that said Lipe and the said board be decreed to convey said premises to defendant, and defendant be decreed to be the owner thereof, subject to the said mortgages; that plaintiff have judgment for all rents collected as aforesaid, and for such other and further relief as equity may require."

The petition being duly verified the judge entered the following order:

"Upon application of the plaintiff for an injunction upon its petition duly verified, and it being necessary that the defendants should have notice of the application before an injunction is granted, it is therefore ordered that said cause be set for hearing on the 9th day of April, 1890, at 2 o'clock P. M., at the district court room in the city of Lincoln, Nebraska, and that the plaintiff be required forthwith to notify the defendants of the time and place of said hearing and that until the further order of the court a restraining order is allowed restraining the said defendants, the Board of Church Extension and Luther P. Ludden, from entering upon the premises described in the petition, to-wit, lot 6, in block 91, in the city of Lincoln, Nebraska, and from removing the buildings now thereon or digging up and removing earth therefrom, or erecting other buildings thereon, or from selling said lot or buildings, or in anywise interfering with said premises, upon the plaintiff's executing an undertaking in the sum of $200 as required by law."

A copy of this order was served on the Board of Church Extension and Ludden on the 7th day of April, 1890.

On the 10th day of April M. L. Easterday filed an affidavit before Judge Field as follows:

"That on the 5th day of April, 1890, St. Mark's Evangelical Lutheran Church of Lincoln, Nebraska, filed a petition in this court against the Board of Church Extension of the General Synod of the Evangelical Lutheran Church in the United States, Luther P. Ludden, and Luther L. Lipe; the object of said action is to quiet the title to lot 6, in block 91, in the city of Lincoln, Nebraska, in said plaintiff, to cancel a deed given by said defendant Luther L. Lipe to said Board of Church Extension and to enjoin said defendants from selling said lot or the buildings, or removing the same from said lot, or in anywise interfering

with said property; that on said 5th day of April an. order was issued out of this court signed by the Hon. A. W. Field, judge thereof, and directed to the said Board of Church Extension and Luther P. Ludden, restraining the said defendants from selling said lot or the buildings thereon, or removing said buildings, or in anywise interfering with the same until the further order of the court; the hearing of said application for an injunction was fixed by the court for 2 o'clock P. M., on Wednesday, April 19, 1890; that due service of said restraining order and notice of said application for an injunction was made upon said Luther P. Ludden and said Board of Church Extension by the sheriff of said county on the 5th day of April, 1890; that this affiant is one of the attorneys of record of said plaintiff; that he is one of the trustees of said plaintiff and secretary of the board of trustees of plaintiff; that on or about the 17th day of December, 1890, this affiant, as such secretary, received a written notice that at a special meeting of the Board of Church Extension, defendant in said cause, held at York, Pennsylvania, on October 31, 1889, among other things the following resolutions were adopted, viz.:

"'Resolved, 2. That Rev. L. P. Ludden, under the appointment as missionary to Lincoln, Nebraska, from the board of home missions, be hereby appointed the authorized agent of the board of church extension in the interests of the property of the board, corner M and Fourteenth streets, Lincoln, Nebraska.

"'Resolved, 3. That the officers of St. Mark's Evangelical Lutheran congregation of Lincoln, Nebraska, are hereby required to make settlement regarding the property corner M and Fourteenth streets, Lincoln, Nebraska, to Rev. L. P. Ludden, and hand over to him all books, papers, and moneys in their possession belonging to the board of church extension.'

"That said notice was verified under oath by the secre-

tary of said board, and purported to be a copy of the reso-
lutions as adopted by said board; that affiant has had several
conversations with said L. P. Ludden since said L. P.
Ludden came to Lincoln, Nebraska, and said Ludden has
always claimed to be the agent and representative of the
said board of church extension as to said lot 6, in block
91, in the city of Lincoln; said Ludden also informed af-
fiant that he had been sent to build a church thereon, and
that he, said Ludden, intended to build a church upon said
lot. Affiant further says that at the time said restraining
order was issued and served there were standing upon said
lot two frame dwelling houses, both of which were at said
time occupied by tenants; that upon the morning of
Tuesday, April 8, 1890, affiant visited said lot and found
there at work, with jackscrews and other implements, sev-
eral men, to this affiant unknown, who were engaged in
removing the foundation from the north one of the houses
upon said lot and raising said house; that affiant was in-
formed that said men were about to remove said house from
said lot; that affiant asked who was directing said work;
was told that it was a man named —— Owen, who was
pointed out to affiant; that affiant went to said Owen and
asked him who had ordered the said work to be done; that
said Owen refused to give such information, saying that it
was none of affiant's business; that affiant then gave said
Owen verbal notice not to proceed any further with said
work; that a suit was pending in this court regarding the
title to said property, and that this court has issued a re-
straining order prohibiting any interference with said prop-
erty or the building thereon. Affiant was informed after-
wards that one W. C. Miller pretended to have purchased
said building and was the one who was having the said work
done; that affiant on said 8th day of April, 1890, called upon
said Miller at his place of business in said city of Lincoln,
and served upon him a written notice not to interfere with
or remove said building from said lot, and that plaintiff

28

owned said premises, and that a suit was pending in this court respecting said premises. Affiant also, at said time, informed said Miller that this court had issued a restraining order in the premises. Said Miller thereupon informed affiant that he had purchased said building and paid and had been indemnified by one C. J. Ernst against any costs or damages in the matter, and that he intended to remove the said building from said lot as soon as he procured a permit from the mayor and city council. Affiant further avers that on the night of Wednesday, April 9, 1890, some person or persons, to this affiant at this time unknown, went upon said lot 6 in defiance of and contrary to the order of this court previously made, and removed the said house and placed the same in the street adjacent to said lot. There it now remains. Affiant is informed and believes that said removal was done by the said —— Owen and men in his employ, and was with the permission and consent, procurement and instance of the said Luther P. Ludden and the said W. C. Miller. That the said parties, in removing said house, were guilty of a violation of the said order of this court, and affiant asks that said Luther P. Ludden, W. C. Miller, and —— Owen be required to appear before this court and show cause why an attachment for contempt should not be issued against each of them for such violation."

There is also the affidavit of Theodore Bernine that on the 5th day of April, 1890, at about 10 o'clock P. M., he received notice to vacate the premises in controversy; that said notice was signed by the board of church extension by L. P. Ludden, its agent; that on Monday night, April 7, 1890, certain persons attempted to remove the foundation while the affiant was occupying said premises with his family, and would not desist until affiant had called the police.

A copy of the notice is set out in the record, and Mr. Ludden swears that the notice was filled out on March 31,

1890, but not served upon Mr. Bernine who had promised to vacate the premises; that the notices were then left with one Hump, who afterwards changed the date to April 5th, and caused the same to be served on Bernine.

He also testifies "that he has not, at any time since the allowance and granting of the restraining order or injunction in this case, in any manner or way violated or disobeyed said order, nor has he counseled or advised the violation of said order; that on the evening of April 7, 1890, the sheriff of said county delivered to this affiant a copy of the order issued by the judge of this court, and bearing date of the 5th of April, 1890. Affiant further says that he has had charge of the property described in said notice for the owner thereof, the Board of Church Extension of the General Synod of the Evangelical Lutheran Church in the United States, and was authorized to sell the building on said lot which it is alleged has been removed from said lot; that in pursuance of the authority given to him by said owner of said building this affiant did sell said house to W. C. Miller on the 2d day of April, 1890, that prior to the month of April, 1890, and on the last day of March, 1890, this affiant caused to be prepared the notice to quit and vacate said premises, which is attached to the affidavit of Theodore Bernine, filed herein, and said notice was dated the 31st of March, 1890, and was on that day signed by affiant; that after said notice was signed by affiant, and on said 31st of March, 1890, affiant went to see said Bernine and told him that he desired him to vacate said premises, and said Bernine then told affiant that he would vacate said premises on or before the 3d of April, 1890, if it was possible, and thereupon said notice was not served on said Bernine; that said notice was never served on said Bernine by affiant nor by anyone else by the direction of affiant; that affiant did not, on the 5th day of April, 1890, or at any time, send said notice to said Bernine or to the house occupied by him, by a messenger or otherwise; that said

Miller paid for said house in cash the sum of $115, which money this affiant received on the 3d day of April, 1890. Affiant further says that he has not been upon said lot mentioned in the petition, viz., lot 6, in block 91, in the city of Lincoln, since the granting of said order, nor for sometime prior thereto; that he has not, since the granting of said order, removed any building or buildings from said lot, nor has he dug up or removed any earth from said lot, nor has he sold said lot or erected or attempted to erect any buildings on said lot, nor has he in anywise interfered with said premises; that he has not employed any person or persons, either directly or indirectly, to remove from said premises any of said buildings or to cut down any trees thereon or to remove the foundation from under said house, nor to interfere with said premises in any way whatever, nor has he advised any party to do or perform any of the acts which this affiant was restrained from doing by said order; that he has never had any conversation with W. C. Miller or —— Owen about the removal of said house from said lot, and said house was not removed by or with the procurement or at the instance of affiant.

"Affiant further says that it is the purpose and intent of the owner of said lot aforesaid to build and erect a church building on said lot, and that he, this affiant, is to be in charge of the work of the erection of said church building and that affiant is a missionary sent here by the board of home missions of the General Synod of the Evangelical Lutheran Church of the United States, and resides in the city of Lincoln with his family and is engaged in the discharge of his duties as such missionary, and also has had charge of said property, and has been directed to take the preliminary steps towards the erection of said church building on said lot.

"Affiant further says he has had charge of said premises since the 31st of October, 1889, and said house was sold to said Miller in good faith before the commencement of

this action; that said proposed new church building could not be erected on said premises until said building was removed.

"Affiant further says that he has not, directly or indirectly, disobeyed the order or any order of this court in this case, and he asks that he may be hence dismissed."

There are other affidavits in the case which need not be noticed.

The court found the plaintiff in error guilty of contempt and fined him $100 and costs, from which judgment the cause is brought into this court.

It will be observed that the charge made by Mr. Easterday is "that he is informed and believes that the said removal was done by the said Owen and men in his employ, and was with the permission and consent, procurement and instance of the said Luther P. Ludden and the said W. C. Miller." Who informed Easterday we are not told, nor upon what grounds he based his belief. His informant may have been a "busy-body" who meddled in the affairs of others without knowledge or judgment, and his belief may have been based on the idle statements of those who knew nothing of the matter.

A proceeding in contempt for acts not committed in the presence of the court is instituted by filing an information under oath stating the facts constituting the alleged contempt. (*Gandy v. State*, 13 Neb., 445; *People v. Nevins*, 1 Hill, 154; *People v. Wilson*, 64 Ill., 195; *Worland v. State*, 82 Ind., 49, 50; *Rex v. Beardmore*, 2 Bur., 792; *Cartwright's Case*, 114 Mass., 230; *Neel v. State*, 4 Eng., 259; Bishop, Directions and Forms, sec. 317.) The charge must be direct, that the party has committed the act complained of.

In all matters based on the oath of a party charging another with the commission of an offense by which he may be deprived of his liberty, the charge must be specific and direct, mere hearsay will not do. The affidavit in this case therefore is insufficient. But even if the affidavit was

sufficient to justify the attachment, still it is clearly shown that the plaintiff in error had nothing to do with the property after the restraining order was made. The proof entirely exonerates him from that charge. It is clearly shown that the house was sold on the 2d of April and paid for by Miller, and that he was the owner thereof. It is also shown that the plaintiff in error went to Chicago on the first of April and was absent several days, and he seems to have had nothing to do with the obstruction of the order of the court. The testimony was not sufficient therefore to justify the court in finding the plaintiff in error guilty of contempt. The judgment of the district court is reversed and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.