HARRY M. LUX ET AL. v. STATE OF NEBRASKA.

FILED FEBRUARY 16, 1934. No. 28926.

*Harry E. Holeman, Alice M. Holeman* and *Maxey & Maxey,* for plaintiffs in error.

*Paul F. Good, Attorney General,* and *William H. Wright, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and CHASE and ELDRED, District Judges.

GOSS, C. J.

Harry M. Lux and Robert Jackson, also known as D. Robert Burleigh, hereinafter called defendants, were found guilty of contempt of court. Lux was ordered to pay a fine of $250 and certain costs, Burleigh to pay a fine of $100 and certain costs, and to be committed to jail until such fines and costs were paid. After their motions for new trials were overruled they brought proceedings in error. No bill of exceptions was secured. Only the transcript was brought up.

The information charged these and fourteen other defendants with the execution of a concerted plan and wilful attempt to impede and obstruct the due administration of justice in a described cause then pending in the district court for Saline county for the foreclosure of a real estate mortgage and a sale thereunder. It alleged that the sheriff had been duly ordered by the court to sell said real estate at the east front door of the county courthouse at 1 o'clock p. m. on March 14, 1933; that about 10 minutes before the hour so set, the defendants and

many others, with intent to prevent the sale, assembled in the private office of the sheriff, locked the door so he could not go to officiate at the sale, locked the windows and disconnected the telephone, so he could not communicate with any one outside said office; though he told them about three minutes before he was to open the sale that he had that legal duty to perform, the defendants informed the sheriff that he could not hold any foreclosure sale on that day, crowded him so he could not move, took hold of his person and stood around him in a menacing manner, prevented him from leaving the office, wilfully and unlawfully held him in his office against his will for about an hour and thereby prevented him from making the sale. The sheriff was finally released, when some were ejected forcibly from the office by citizens of Wilber and others were dispersed therefrom by a tear gas bomb which was thrown into said room.

Harry M. Lux filed an "answer and showing" in opposition to the information. In this he described himself as "a resident of Lancaster county, Nebraska, and has been working for and is now employed as an organizer for the Holiday Association, * * * and that he was in Wilber on or about March 14, 1933, being interested in the prosperity of the rural communities and their accomplishments through collective effort. That he was not a leader of any group or gathering but here for the purpose of being informed of the results growing out of the moratorium act and other legislation for the interest of the rural communities. * * * That no acts transpired by him or his associates that did intimidate, suppress, or in any manner hinder or violate the free, voluntary actions of any court official. Defendant generally denies each and every material allegation in the complaint. * * * That the acts * * * of this defendant were harmonious, lawful, and in accord with the rights of every citizen of the United States to lawfully assemble and discuss their inherent rights."

Defendants assign that the district court was without

power or jurisdiction to punish them for contempt in such manner or form and that the records fail to show any obstruction or hindrance.

Section 20-2121, Comp. St. 1929, specifically gives every court of record power to punish by fine and imprisonment, or by either, "Any wilful attempt to obstruct the proceedings, or hinder the due administration of justice in any suit, proceedings, or process pending before the courts."

The form of the information is clear and specific. It was not attacked by demurrer or by motion to quash. True, it was not verified positively but was verified by the county attorney upon information and belief, but this court held, in *Tasich v. State*, 111 Neb. 465, that an information in a constructive contempt case, made by a county attorney, when direct and positive in its charging part, need not be verified positively but may be made upon information and belief.

While the defendants did not bring up the bill of exceptions and therefore we do not have the evidence before us, the legal inference from the final order appealed from is that the facts charged were presented by evidence to the trial court and justified the findings and judgment.

Error is assigned because the court did not grant what counsel for defendants considered sufficient time to prepare the defense. The record shows the information was filed March 17, 1933. On the same day an order to show cause was issued and defendants were at once served with copies of the complaint. The order to show cause gave them five days' notice and set the hearing for March 23. Defendants employed counsel March 18. March 23 they moved for a continuance (without suggesting a date). The court continued the case to the next day. The trial began on March 24, 1933. The journal entry of that day recites that all defendants were present in court "and all being represented by counsel, except the defendant Sylvester Mendoza, * * * all announce that they are ready to proceed to trial." "The granting or refusing of

a continuance of a criminal cause rests in the sound discretion of the court, and a ruling in that regard will not be disturbed on review, in the absence of a showing of an abuse of discretion." *Dinsmore v. State,* 61 Neb. 418. See *Ringer v. State,* 114 Neb. 404; *Biddick v. State,* 113 Neb. 851; *Dilley v. State,* 97 Neb. 853.

Defendants say the district court erred in failing to take into consideration the act of March 2, 1933, known as the foreclosure moratorium act. Laws 1933, ch. 65, Comp. St. Supp. 1933, secs. 20-21,159 to 20-21,164. The first section makes that act usable "upon application of the owner or owners of said real estate or persons liable on said mortgages," etc. There is nothing in the record suggesting the right or power of these defendants to invoke the provisions of the act. They were neither owners nor liable on the mortgage. All inferences from the record indicate that they were uninvited strangers, crashing the doors, who now seek to avoid punishment for their bad legal manners.

Defendants complain that the fines imposed are inconsistent because of their difference. They ask, "if both parties are equally guilty of contempt of court, or conduct constituting contempt of court, why should not their fines be the same?" The answer would be found in the evidence, which is not before us. We assume the court had good reason to decide that Lux was more of a leader and organizer of the raid than Burleigh. We find no abuse of discretion on the part of the trial court. The fines of defendants were neither excessive nor inconsistent. The defendants were fortunate that they were let off with fines; the statute authorized imprisonment. In *Tasich v. State, supra,* prosecuted for attempting to obstruct the administration of justice (but not succeeding in the attempt), the district court committed the defendant to jail for six months and this court affirmed the judgment. Here the defendants succeeded in preventing the judicial sale.

Under our plan of government the judicial department

may not lawfully be intimidated by threats, coerced by force, or influenced by anything outside the facts and the law. It was timely and fortunate for the cause of law and order that the unlawful scheme of defendants was promptly frustrated by a resolute prosecutor and a courageous judge.

The judgment was right and it is

AFFIRMED.