LAWRENCE YEARSLEY V. STATE OF NEBRASKA.

271 N. W. 802

FILED MARCH 5, 1937. No. 29885.

*L. R. Doyle,* for plaintiff in error.

*Ed Moran, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ., and ELDRED and CHASE, District Judges.

PAINE, J.

Plaintiff in error brings error proceedings to this court for that on Saturday, May 2, 1936, plaintiff in error was sentenced by the district judge for Otoe county to serve a four-day sentence in the county jail for being in contempt of said court.

The petition in error sets out three errors of the trial court, but we will consider but one of them, to wit, that the evidence was insufficient to sustain the allegations set out in the citation for contempt.

The county attorney of Otoe county filed an affidavit in contempt on April 2, 1936, against the plaintiff in error,

setting forth that, after a writ of assistance had been issued in the case of John G. Hellerich v. Charles Tyson et al., Lawrence Yearsley, plaintiff in error, took a quitclaim deed to the premises involved and incited Charles Tyson and David Tyson, the defendants, to resist the sheriff and prevent him from complying with the writ of assistance, and that after the defendants were removed he did place chains and padlocks on the gates to prevent any person from going upon the premises, and asked that the court issue a citation commanding Lawrence Yearsley to appear before the court and show cause why he should not be found in contempt. On the same day. D. W. Livingston, district judge, issued an order to show cause, and directing that Lawrence Yearsley appear before the court at 10 o'clock a. m., April 6, 1936, and show cause why he should not be punished as of contempt of court. Affidavits were filed by the plaintiff in error and also by his attorney.

The trial was had before the said Judge Livingston on Saturday, May 2, 1936. The bill of exceptions discloses the evidence of some seven witnesses called by the plaintiff in error and cross-examination by the county attorney, and the sheriff and two other witnesses testified for the state. A fair reading of this evidence discloses that the testimony clearly supported the affidavits filed by the plaintiff in error and his attorney. The plaintiff in error denied positively that he did anything to prevent the sheriff from carrying out the orders of the court, which was amply sustained by the evidence.

This court has recently held that a prosecution for criminal contempt is governed by, and in accordance with, the strict rules applicable to criminal prosecution. *State v. Barlow,* 131 Neb. 294, 268 N. W. 95; *Lux v. State,* 126 Neb. 133, 252 N. W. 897; *Tasich v. State,* 111 Neb. 465, 196 N. W. 688; *Gandy v. State,* 13 Neb. 445, 14 N. W. 143.

It is found by this court that the evidence fails to sustain the charge of contempt, and the order of the court finding the plaintiff in error guilty of contempt is set aside and reversed, and the contempt proceedings are dismissed.

REVERSED AND DISMISSED.