No. 9058.

## DOUGLASS v. McCARER, ADM'R.

DECEDENTS' ESTATES.—*Conversion.*—*Heirs.*—*Judgment.*—*Res Adjudicata.*—The heirs at law can not maintain an action for the conversion of per-sonal property owned by a decedent at the time of his death, and a judg-ment against them in such action is no bar to an action afterwards brought by the administrator of such estate for such conversion.

SAME.—*Pleading.*—*Statute of Limitations.*—In such action, an answer that the cause of action did not accrue within six years before the commence-ment of the suit, was sufficient, though the complaint averred the ap-pointment of the administrator within that time. The statute did not commence to run until the appointment was made, and the answer in effect averred that it was done within the time named.

From the Gibson Circuit Court.

*J. E. McCullough* and *L. C. Embree;* for appellant.

*A. P. Twineham, A. Gilchrist* and *W. M. Land,* for appellee.

BEST, C.—The appellee brought this suit against the appellant, alleging in his complaint, in substance, that the decedent died intestate, in May, 1855, the owner of a large amount of personal property, consisting of horses, cattle, sheep, hogs, farming implements, etc., of the value of $2,060, and that the appellant, in June, 1855, wrongfully took possession of said property, converted the same into money, and has had the use of it since that time; that the decedent left surviving him Lucretia, his widow, and three children, Otis P., Nancy and Moses P. Morgan, aged three years, two years, and six months, respectively; that the appellee was duly appointed administrator of the estate of said decedent, on the 16th day of April, 1879; that he has demanded the sum so received by the appellant for said property, and that the same, with the interest thereon, amounts to the sum of $5,060. Wherefore, etc.

The appellee filed an answer of nine paragraphs. A demurrer was sustained to the first, third, fourth, fifth, sixth and eighth paragraphs, and a reply in denial filed to the others. Trial, verdict for $795, and judgment upon the verdict.

The appellant appeals, and assigns as error the ruling of the court in sustaining the demurrer to the several paragraphs of the answer.

The first, fifth and eighth paragraphs are, in substance, the same and will be considered together. They allege substantially that Moses P. Morgan died intestate in May, 1855, and at the time of his death he owed no debts whatever; that no administrator had been appointed for his estate until the appellee's appointment in April, 1879, and at that time there were no claims against or in favor of said estate, and no person was interested in the money sought to be recovered, except the heirs of said decedent; that said decedent left surviving him his widow Lucretia Morgan and three children, Otis P., Nancy and Moses P., who are also the children of said Lucretia; that afterwards said Lucretia intermarried with Thomas McKiddy, and while so married and long before the first of January, 1878, died, leaving her hus-

band and the three children above named surviving her; that afterward Nancy Morgan intermarried with James Reeves, and on —— day of January, 1878, Otis P. Morgan, Moses P. Morgan, Nancy Reeves and James Reeves began an action in the Gibson Circuit Court against the appellant to recover the same claim sought to be recovered in this action; that in their complaint they averred that said decedent owed no debts, and that no administration had been had upon his estate; that such proceedings were had as that it was adjudged on the 4th day of September, 1878, that the plaintiffs take nothing by their suit and that the defendant recover his costs; that in such suit all the matters and things in controversy in this suit were fully heard, tried and determined. Wherefore, etc.

The sixth paragraph averred the same facts, but it was limited to that portion of the property converted to which the widow was not entitled, viz.: to two-thirds, less $300.

These several paragraphs were insufficient, and the demurrer was properly sustained. In this State, an executor or administrator alone can maintain an action for the conversion of personal property owned by a decedent at the time of his death. *Ferguson* v. *Barnes*, 58 Ind. 169.

In the above case, the court, after saying that the general doctrine is that an executor or administrator alone can sue for and recover the personal property of a decedent at the time of his death, said: "This general doctrine is the recognized law of this State, with a single exception, viz.: It has been held by this court, in several cases, that where a person dies intestate, leaving no debts to be paid, and there is no administration of his estate, the heirs at law of such person may sue for a debt owing to such decedent at the time of his death."

As the heirs at law of Moses P. Morgan, deceased, could not maintain the action for the conversion of the property belonging to his estate, a judgment against them in such proceeding can not preclude the administrator in this action. Each of the paragraphs under discussion was, therefore, in-

sufficient to bar this action, and the demurrer was properly sustained.

The third paragraph of the answer averred that the cause of action sued upon did not accrue within six years, and the fourth averred that it did not accrue within fifteen years, before the commencement of the suit.

The demurrer to the third paragraph was improperly sustained, as the limitation pleaded was applicable to the case made, and the paragraph was properly framed. 2 R. S. 1876, p. 362, No. 27. The averment in the complaint, that the appellee was not appointed administrator until April, 1879, does not render the paragraph in question bad. The statute did not begin to run until the appellee's appointment, and the averment in the answer, that the cause of action did not accrue within six years before the commencement of the suit, was a denial that the appointment was made in April, 1879. Indeed, it was unnecessary to aver the time when the appellee was appointed, as, in the absence of an answer of the statute of limitation, it was immaterial whether the appointment was made more or less than six years before the commencement of the suit. With the answer, proof of the fact became necessary, and without it the defendant could not avail himself of the protection afforded him by the statute. If not true, the appellee must deny it. This suit is unlike an action brought by an infant. *Johnson* v. *Pinegar,* 41 Ind. 168 ; *Sunman* v. *Brewin,* 52 Ind. 140.

As the third paragraph was good, the ruling upon the demurrer to the fourth was harmless.

The court erred in sustaining the demurrer to the third paragraph of the answer, and for this error the judgment should be reversed.

PER CURIAM.—It is, therefore, ordered upon the foregoing opinion, that the judgment be and is hereby in all things reversed, at the costs of the appellee, with instructions to overrule the demurrer to the third paragraph of the answer, and for further proceedings.