## HENRY HOWER v. AULTMAN, MILLER & CO.

[FILED JULY 11, 1889.]

1. **Limitation of Actions.** "All actions, or causes of action, which are, or have been, barred by the laws of this state, or any state or territory of the United States, shall be deemed barred under the laws of this state." (Section 18, Civil Code.)

2. **Answer: DEMURRER: JUDGMENT.** Under the Code, as prior to it, on a demurrer to the answer, if the complaint fails to state a cause of action, judgment on such demurrer should be in favor of the defendant.

3. **Petition: DEMURRER: STATUTE OF LIMITATIONS.** Where a petition was demurrable as not containing facts sufficient to constitute a cause of action, it being shown upon its face that the plaintiff's cause of action was barred by the statute of limitations, and an answer was filed pleading the statute of another state in which the defendant resided at the time of service upon him in this state, and to which a general demurrer was filed by the plaintiff and sustained by the district court, it was *held*, first, that the allegations of the answer were sufficient to constitute a defense, and, second, that as the petition failed to state a cause of action, the demurrer should have been overruled.

ERROR to the district court for Webster county. Tried below before GASLIN, J.

*J. M. Chaffin, G. R. Chaney,* and *C. E. Davis,* for plaintiff in error, cited: Maxwell's Pl. and Pr., 4th Ed., 121, 146; *Hedges v. Roach,* 16 Neb., 674; *Ætna Ins. Co. v. Baker,* 71 Ind., 102; *Aurora City v. West,* 7 Wall., 93; *Cooke v. Graham's Admr.,* 3 Cranch (U. S.), 235; *Fox v. Wray,* 56 Ind., 426; Wood on Limitation of Actions, p. 128, sec. 64; p. 139, sec. 68; p. 172, sec. 71; *Bell v. Morrison,* 1 Pet. (U. S.), 361; *Fort Scott v. Hickman,* 112 U. S., 150; *Mayberry v. Willoughby,* 5 Neb., 372.

*Case & McNeny,* for defendant in error.

REESE, CH. J.

This was an action upon a promissory note. An answer was filed to the petition, when defendant in error filed a demurrer to the answer, which was sustained by the district court. From the judgment of the court, sustaining the demurrer, and rendering judgment in favor of the plaintiff in the action, defendant brings error to this court. There is but one question presented and that is as to the statute of limitations. The pleadings being short, they will be here copied in full. The petition was as follows:

"Plaintiff complains of the defendant for on or about September 6, 1877, the defendant made, executed, and delivered to the plaintiff herein a certain promissory note in writing, in words and figures as follows:

"'$83.                    DECATUR, IND., Sept. 6, 1877.

"'On or before the 1st day of June, 1879, I promise to pay to the order of Aultman, Miller & Co. eighty-three dollars, with interest at six per cent from date, and attorney's fees, payable, without relief from valuation or appraisement laws, at the banking office of Adams county, for value received in one Buckeye mower and reaper, and with annual inter-

est at ten per cent per annum from maturity on the amount
then due until paid.   The drawers and endorsers sever-
ally waive presentment for payment, protest and notice of
protest, and non-payment of this note, and all defense on
the ground of any extension of time of its payment that
may be given by the holders or holder to them or either
of them, and it is further agreed that this note shall be due
on demand if the maker attempt to move out for the pur-
pose of obtaining credit.

"'I certify that I own in my own name —— acres of
land, in the township of ——, county of ——, state of
——, which acres are improved, and the whole worth $—— ;
and that —— and it is unencumbered except the amount
of ——.   I also am worth of personal property over all
indebtedness and legal exemptions, and there are no judg-
ments against me.'

" Plaintiff further says that payment has been demanded
and refused, and that by the conditions of said note de-
fendant agreed to pay attorney's fees if suit was brought
to enforce payment; that said attorney's fees amount to
the sum of twenty-five dollars ; that there is now due and
unpaid on said note the sum of one hundred and fifty-eight
and $\frac{20}{100}$ dollars, besides the interest at ten per cent from
October 20, 1886, and the further sum of twenty-five dol-
lars for attorney's fees as aforesaid, for which sum plaintiff
demands judgment, besides costs of this suit."

The answer was as follows:

" The defendant, in answer to the plaintiff's petition, ad-
mits the execution of said note, but says that no part of
the amount claimed in said note has at any time been paid,
and no promise, in writing or otherwise, has been made to
pay said note, or any part thereof, since the same became
due, or any acknowledgment made by this defendant of
said alleged indebtedness; that the cause of action stated
in the petition did not accrue within five years next before
the commencement of this action ; that said defendant left

the state of Indiana in the summer of 1879, and came to the state of Kansas, where he has ever since enjoyed a continuous and *bona fide* residence, and where he resided at the time this action was brought, and where he now resides; that by the statute of limitations of the said state of Kansas, in force at the time the suit was instituted, said action was barred.   A copy of subdivision one (1) of section eighteen (18) of the Civil Code of the state of Kansas is hereunto attached and made a part of this answer, which reads as follows:

"'Civil actions, other than for the recovery of real property, can only be brought within the following periods after the cause of action shall have accrued: First, within five years; an action upon any agreement or promise in writing.'

" Wherefore defendant demands judgment for his costs, and all other proper relief."

The demurrer was based upon the ground alone that the facts stated in the answer were not sufficient to constitute a defense to the action.   As will be seen by reference to the petition, the note matured on the 1st day of June, 1879.   It was not alleged that any payments had ever been made on it after its execution.   In addition to this it was alleged affirmatively in the answer that no such payment had ever been made, and that no promise, either verbally or in writing, had ever been made since the execution of the note to pay it, and that no acknowledgment of any indebtedness had been made by plaintiff in error; that plaintiff in error resided in the state of Kansas, and had resided there since the summer of 1879, continuously; and that during the time of his residence in that state the statute of limitations, which is set out in his answer, was five years. There is no brief on the part of defendant in error, and therefore it is impossible for us to say upon what theory the district court made the ruling, and the question here discussed may not have been presented to that court.

By section eighteen of the civil code it is provided that "All actions or causes of action which are or have been barred by the laws of this state, or any state or territory of the United States, shall be deemed barred under the laws of this state."

If the statute of limitations had run against the claim in the state of Kansas where plaintiff in error resides, and the cause of action was barred by the law of that state as alleged in the answer, this was a defense to the action, and the answer could not be assailed by demurrer as not presenting a defense.   Moreover, the petition itself showed upon its face that the cause of action was barred and was defective as not stating a cause of action against plaintiff in error, and a demurrer might have been interposed upon that ground.  (Maxwell's Pl. and Pr., 121;  *Peters v. Dunnells,* 5 Neb., 460;  *Hurley v. Cox,* 9 Id., 230;  *Hedges v. Roach,* 16 Id., 674.)

It is a well established rule of pleading, under the code as well as at common law, that a judgment upon demurrer must be against the party whose pleading was first defective in substance, and that a demurrer searches the entire record and must go against the first error, or, as stated in plaintiff's brief, a bad answer is good enough for a bad petition, or a bad reply for a bad answer.  (See *Bennett v. Hargus,* 1 Neb., 424 ; *Stratton v. Allen,* 7 Minn., 409 ; *Lockwood v. Bigelow,* 11 Id., 70 ; *Ferson v. Drew,* 19 Wis., 241 ; *Bank v. Lockwood,* 16 Ind., 307; *Ætna Ins. Co. v. Baker,* 71 Id., 102 ; *Hillier v. Stewart,* 26 O. S., 652; *R. R. Co. v. Mowatt,* 35 Id., 286 ; *People v. Banker,* 8 How. Pr., 258 ; *Stoddard v. Conference,* 12 Barb., 573 ; Bliss on Code Pleading, sec. 417*a*.)

The judgment of the district court is reversed, the demurrer overruled, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other Judges concur.