ROBERT H. OAKLEY V. VALLEY COUNTY.

FILED JUNE 5, 1894. No. 5308.

1. **Pleading: DEMURRER.** Where a plaintiff demurs to an answer of a defendant, the demurrer will be carried back to the petition, and if that be found defective, the demurrer will be overruled. *Hower v. Aultman*, 27 Neb., 251, followed.

2. **Highways: ROAD DISTRICT FUNDS: COUNTIES.** Under the revenue law of 1869 and the road law of 1866 (Gen. Stats., 1873, pp. 896, 950) money in the hands of a county treasurer belonging to the road districts of a county was held in trust by him for such road districts, and such money was at the disposal of the supervisors of said road districts, and at their disposal only, and the chairman of the board of county commissioners of a county had no authority to draw warrants against such funds.

3. **Counties: COUNTY COMMISSIONERS: WARRANTS.** Warrants issued by a board of county commissioners for a purpose not within their jurisdiction are void and do not bind the county. *Walsh v. Rogers*, 15 Neb., 309, followed.

ERROR from the district court of Valley county. Tried below before HARRISON, J.

*Darnall & Kirkpatrick* and *H. A. Babcock*, for plaintiff in error.

*Charles A. Munn* and *E. J. Clements, contra.*

RAGAN, C.

Robert H. Oakley sued Valley county in the district court thereof to recover from said county the amount called for by three certain warrants drawn by the chairman of the board of county commissioners of said county on the treasurer of said county and drawn on the road fund of districts Nos. 5, 6, and 8, respectively, bearing dates of June 10, 1875, October 5, 1875, and April 3, 1877, respectively. The petition alleged that each of said warrants, on the date drawn, were presented to the county treasurer of said county and not paid for want of funds, and that since the issuance of said warrants there had been money in the county treasury with which to pay the same; that although Oakley had repeatedly demanded payment thereof, no part of either of said warrants had been paid. To this petition the county interposed an answer alleging, in substance, that no such funds as those on which the warrants were drawn were then in existence, and that there was no money in the hands of the county treasurer on the dates when said warrants were drawn and presented for the payment thereof. To this answer Oakley demurred. The district court overruled the demurrer and dismissed the action, and Oakley brings the case here on error.

Where a plaintiff demurs to an answer of a defendant, the demurrer will be carried back to the petition, and if that is found to be defective, the demurrer will be overruled. (*Hower v. Aultman*, 27 Neb., 251.) Does this petition state a cause of action? This question must be answered by a construction of certain sections of chapter 66, revenue law of 1869 (Gen. Stats., 1873, p. 896), and chapter 67 of the law of 1866 (Gen. Stats., 1873, p. 950).

Section 30 of said chapter 66 provided the rate of taxation which county authorities might levy for all purposes. Among these purposes they had authority to levy for roads a poll tax of two dollars, or one day's work, and a land

tax in any rate not exceeding four dollars to the quarter section, such tax to be paid in money or labor, at the rate of: two dollars per day, at the option of the person taxed. By section 32 of said act the county commissioners of the county were required to meet at the county seat on the first Monday of July in each year and levy the necessary taxes for the current year. By section 38 of said act it was provided that the county treasurer should be the collector of taxes ; and by section 39 it was provided that road taxes might be discharged by paying cash or labor in the manner provided by section 30 of the act; and that section provided that the county treasurer should receive in payment of road and poll taxes certificates showing the performance of labor in payment of the road tax assessed. Section 40 of said chapter provided that whenever any taxes should be paid to the county treasurer he should make out and deliver to the person paying the same a receipt therefor and specify in such receipt whether the taxes were paid in cash, state warrants, county or road orders, or supervisor's receipts, as the case might be.

On June 7, 1867, the legislature passed an act which became part of said chapter 67, and is found in General Statutes, 1873, at page 958. Section 1 of this act provided that one supervisor should be elected annually in each road district. By section 5 of the act it was provided that the county treasurer, upon the order of the county commissioners, should pay the supervisor of each road district the funds in the treasury belonging to said road district, and that the supervisor should expend the money to the best advantage of his road district; and by section 6 of the act it was provided that such supervisor should give a receipt for all road taxes that had been paid in labor. By section 6 of said chapter 67 it was made the duty of each supervisor of roads to notify all able-bodied male residents between certain ages to perform one day's labor upon the roads in his district in each year. By section 7

of said chapter it was provided that if any person liable to perform road labor should fail to perform the same or pay two dollars in money in lieu thereof, the supervisor should collect such road tax by suit.  By section 13 of said chapter it was provided that all moneys collected by the supervisors of roads in lieu of labor and in discharge of poll taxes should be expended by him in the improvement of roads in his road district.  By section 14 of said chapter it was provided that road supervisors should make an annual settlement with the board of county commissioners showing the amount of money that had come into their, the supervisors', hands by virtue of their office and how the same had been expended; and by section 15 of said chapter it was provided that one-third of all moneys paid into the county treasury in discharge of road tax should constitute a county road fund, which should be at the disposal of the county commissioners for the general benefit of the county for road purposes ; and that the other two-thirds of all moneys paid into the county treasury in discharge of road tax should constitute a district road fund, which should be expended only in the road district from which it was collected.

It will thus be seen that whatever money the treasurer of Valley county had in his hands belonging to the road districts, on which the warrants in suit were drawn, he held in trust for such road districts, and such money was at the disposal of the supervisors of said road districts, and at their disposal only.  In other words, the chairman of the board of county commissioners had no authority to draw a warrant against money in the hands of the county treasurer belonging to the various road districts of the county.  He had no more authority to draw a warrant against the money belonging to the road districts of this county than any other citizen of the county had; nor did he have any more authority to draw warrants against the road funds in the county treasurer's hands to pay the debts

of said road districts than he had to draw a warrant against the funds of a school district in the treasurer's hands for the payment of a debt owing by such school district. Warrants issued by the county commissioners for a purpose not within their jurisdiction are void and do not bind the county. (*Walsh v. Rogers*, 15 Neb., 309.) The warrants sued upon were void. The petition did not state a cause of action. The district court was right in dismissing the action and its judgment is

AFFIRMED.

HARRISON, J., having presided on the trial in the court below, offered no opinion.