BANK OF MILLER, APPELLANT, V. THOMAS E. MOORE ET AL., APPELLEES.

FILED APRIL 23, 1908. No. 15,135.

1. Pleading: DEMURRER. Judgment on a general demurrer must go against the party whose pleading was first defective in substance.

2. ———: ———: FRAUD: LIMITATIONS. A petition for relief on the ground of fraud, which shows on its face that the action was not commenced within four years of the perpetration of the wrongful acts, and fails to show plaintiff did not know or was not charged with knowledge of the fraud until within less than four years before the commencement of the action, is demurrable.

3. ———: ———: LIMITATIONS. Where plaintiff prays for relief because of defendant's alleged fraud, and states in his petition facts which render the petition obnoxious to a general demurrer based on the statute of limitations, an answer alleging "that the plaintiff's cause of action did not accrue within four years next prior to the commencement of this action" is a good plea of the statute of limitations as against a general demurrer.

4. Dismissal. Record examined, and held that the court rightfully dismissed plaintiff's petition.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. Affirmed.

Fred A. Nye, for appellant.

Warrington & Stewart, contra.

ROOT, C.

January 25, 1907, plaintiff filed its petition against defendants alleging in substance that the defendant Thomas

E. Moore prior to April 19, 1890, became indebted to plaintiff's predecessor, and on said date executed to plaintiff certain promissory notes for the sum of $4,000; that credit was given said defendant on the faith of his representation that he was the owner of a certain quarter section of land situated in Dawson county about six miles from plaintiff's place of business; that plaintiff in December, 1892, brought suit against said defendant upon said notes, and recovered judgment thereon in July, 1894, and filed a transcript thereof in Dawson county; that thereafter the judgment became dormant, was duly revived, and that no part thereof has been paid; that plaintiff caused execution to be issued on said judgment January 21, 1907, which was returned by the sheriff of Dawson county, wherein the defendants reside, wholly unsatisfied, and that said defendant has no property other than said land from which said judgment can be made; that defendant, Thomas E. Moore, on the 3d day of May, 1893, without consideration, and for the sole purpose of cheating, hindering, delaying and defrauding his creditors, and especially plaintiff, conveyed said real estate to his wife, the defendant Mattie Moore, who took said land with full knowledge of the aforesaid facts, and that the defendants then and there and thereby conspired to hinder, delay, cheat and defraud the creditors of the said Thomas E. Moore, and especially plaintiff; that said deed was recorded in May, 1893, and said real estate is now of the value of $10,000. The prayer was that said deed be decreed null and void, and said land ordered sold to satisfy said judgment. No allegation is made that plaintiff did not discover the alleged fraud at the time of its perpetration, nor is any excuse given for not commencing the case within four years of July 2, 1894, the date of the judgment. Defendants answered separately, interposing a number of defenses to the action, and in each answer it is stated "that plaintiff's cause of action did not accrue within four years next prior to the commencement of this action." To said defense plaintiff demurred. The court

overruled the demurrers, plaintiff elected to stand there on, and its petition was dismissed. Plaintiff insists legal conclusions merely are stated in the answers. Defendants say that the allegations were sufficient to support the plea, and whether they were or not is immaterial, for the reason that the demurrer searches the record and is applied to the first defective pleading; that the petition is demurrable in that it does not state any fact or excuse for not bringing the action without four years of the recovery of the judgment.

1. It was held in *Bennet, Adm'r, v. Hargus,* 1 Neb. 419, that judgment on a demurrer "must be against the party whose pleading was first defective in substance." *Bennet, Adm'r, v. Hargus* was followed with approval in *Hower v. Aultman, Miller & Co.,* 27 Neb. 251, where one may read in the second paragraph of the syllabus: "Under the code, as prior to it, on a demurrer to the answer, if the complaint fails to state a cause of action, judgment on such demurrer should be in favor of the defendant." The principle was thoroughly considered in the body of the opinion, written by Chief Justice REESE. See, also, *Oakley v. Valley County,* 40 Neb. 900; *Hawthorne v. State,* 45 Neb. 871; *West Point W. P. & L. I. Co. v. State,* 49 Neb. 223; *State v. Stuht,* 52 Neb. 209; *State v. Moores,* 52 Neb. 770.

Section 12 of the code, concerning limitations of actions, provides: "Within four years, * * * an action for relief on the ground of fraud, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." As stated heretofore plaintiff did not give any excuse or reason for delaying the suit more than four years after the recovery of its judgment. Plaintiff says the burden was on the defendants to plead that plaintiff did have notice of the alleged fraud four years before the suit was commenced. In this, learned counsel errs. In the opinion of Mr. Justice COBB in *Parker v. Kuhn,* 21 Neb. 413, 425, will be found a learned discussion on the application of the Nebraska statute of

limitations in cases where fraud is charged. The learned justice adopts with approval the language of Mr. Justice Clifford in *Godden v. Kimmell*, 99 U. S. 201, to the effect that courts of equity hesitate to enforce stale demands, and that, if relief be sought in such cases, plaintiff should set forth in his bill the reasons for the long delay in prosecuting an action. In *Horbach v. Marsh*, 37 Neb. 22, 38, the reasoning of Mr. Justice Cobb, reported in *Parker v. Kuhn, supra*, is approved. In *Newman Grove State Bank v. Linderholm*, 68 Neb. 364, it was squarely held the burden is on the plaintiff to allege any reason or excuse for not bringing his action for relief for alleged fraud within four years of the commission of the wrongful acts; that if the petition disclosed that the fraud had been perpetrated more than four years before the commencement of the action, and some reason for delay is not given in the petition, it is subject to a general demurrer. Therefore, upon legal principles firmly established in Nebraska, plaintiff's petition was demurrable, its demurrer to defendants' answers related back to its petition, and the court was without discretion, except to overrule the demurrers to the answers and dismiss the petition.

2. Plaintiff claims defendants did not properly plead the statute of limitations; that the facts necessary to advise plaintiff and the court that the statute had run were not stated, but mere conclusions of the pleader alleged. We do not approve the language employed, but it was sufficient to withstand a general demurrer. Very similar statements were held sufficient in *Hower v. Aultman*, 27 Neb. 251. The exact language employed by defendants has received the sanction of respectable courts. *Searls v. Knapp*, 5 S. Dak. 325, 49 Am. St. Rep. 873; *McConnell v. Spicker*, 15 S. Dak. 98; *Piper v. Hoard*, 107 N. Y. 67, 1 Am. St. Rep. 785; *Jex v. Mayor*, 111 N. Y. 339; *Douglass v. McCarer, Adm'r*, 80 Ind. 91; *De Armond v. Ballou*, 122 Ind. 398; *Evans v. Jackson*, 41 Tex. Civ. App. 277, 92 S. W. 47; *Lewis Co. v. Adamski*, 131 Wis. 311. Whatever the plea of the statute of limitations may have lacked as

to dates was supplied by the petition, and, if an aider was essential, the petition supplied the deficiency. *Railway Officials & E. A. Ass'n v. Drummond*, 56 Neb. 235.

Plaintiff relies on three Nebraska cases. In *Barnes v. McMurtry*, 29 Neb. 178, the defendant sought to avail itself of a provision in an insurance policy that suit thereon would be barred, unless brought within six months "next ensuing after the fire, exclusive of any time consumed in arbitration," and defendant alleged that, exclusive of any time consumed in arbitration, more than six months had elapsed since the date of the fire, and the suit, therefore, was barred by the agreement of the parties. Mr. Justice MAXWELL said: "There is no allegation in the answer that proof of loss was accepted by the defendant as the true measure of damages, and that therefore there had been no arbitration. The inference from the answer is that there had been an arbitration by which the rights of the parties had been adjusted, but when this took place does not appear"; and it was held under the circumstances of that case the answer was not sufficiently specific to avail defendant receiver of the defense of a statute of limitations brought into existence by contract, and not by statute. The first paragraph of the syllabus discriminates between that case and one where the facts appear on the face of the petition. In *Scroggin v. National Lumber Co.*, 41 Neb. 195, the answer contained the statement: "That this suit was not brought within the time required by law, nor until after the so-called lien of plaintiff had expired by lapse of time," and we held the statement insufficient to support the defense of the statute of limitations. The difference between the plea in the cited and the instant case is marked. In *Pinkham v. Pinkham*, 61 Neb. 336, the defendant had alleged "that the alleged action for the reformation of said instrument set forth in the amended answer did not accrue to the defendant, John H. Pinkham, within the statutory period provided by law for proceedings for the reformation of instruments," and we held the

plea inadequate. In the instant case the demurrer admitted the cause had not accrued within four years next preceding the commencement of the action, and that concession was fatal to plaintiff's case.

There is no error in the record, and we therefore recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.