MALCOLM B. WILCOX ET AL., APPELLANTS, V. JOHN HAVE-
KOST, STATE TREASURER, APPELLEE: NEBRASKA WILD-
LIFE FEDERATION, INTERVENER, APPELLEE.

13 N. W. 2d 889

FILED APRIL 7, 1944. No. 31739.

*Dryden & Jensen* and *Ralph W. Slocum,* for appellants.

*Walter R. Johnson, Attorney General, Edwin Vail* and
*C. L. Clark, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE,
YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an action in equity originally instituted by Mal-
colm B. Wilcox and Ralph W. Slocum, plaintiffs in their
own behalf and in behalf of taxpayers of the state of Ne-
braska, against John Havekost, state treasurer, defendant.
Since the commencement of the action there have been two
changes in the office of state treasurer and therefore, by
substitution of defendants, the action now proceeds against
Carl G. Swanson, the present state treasurer.

To the extent necessary to state the case here the plain-
tiffs filed a petition in the district court for Lancaster coun-
ty, Nebraska, wherein it was set out that chapter 37 of the
Compiled Statutes of Nebraska for 1929, as amended by the
Session Laws of 1935 and 1937, provides for the obtaining
of permits to hunt and fish in the state and for the exaction
of fees for such permits which fees are payable to the state
treasurer. They alleged that at the time of the commence-

ment of the action there was an accumulation of fees in the hands of the treasurer of approximately $200,000, which sum of money was held by the treasurer as trustee.

They further allege that section 37-212, Comp. St. 1929, as amended by section 1, ch. 82, Laws 1935, which section provides for the disposition of the fees, is unconstitutional and void for the reason that it makes provision for a disposition in violation of section 5, art. VII of the Constitution of the state of Nebraska.

The section of the statute referred to is the following: "The fund derived from the sale of permits as provided in this act or from State Park Concessions and permits and any unexpended balance now on hand from the sale of hunting, trapping and fishing permits and all moneys required by this act to be paid into the State Game Fund and all moneys from State Park Concessions and permits are hereby appropriated to the use of the Game, Forestation and Parks Commission and shall be used for the propagation, importation, protection, preservation and distribution of game and fish and necessary equipment therefor: Provided, that up to and including July first 1937 ten per cent of said fees received in any one year may be used 'and expended' for park purposes."

Section 5, art. VII of the Constitution is the following: "All fines, penalties, and license moneys, arising under the general laws of the state, shall belong and be paid over to the counties respectively, where the same may be levied or imposed, and all fines, penalties and license moneys arising under the rules, by-laws, or ordinances of cities, villages, towns, precincts, or other municipal subdivisions less than a county, shall belong and be paid over to the same respectively. All such fines, penalties, and license moneys shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue."

They allege that these fees are license fees within the meaning of the constitutional provision quoted and are distributable exclusively for the use and support of the com-

mon schools in the political subdivisions wherein they may accrue and may not be used for the purposes enumerated in said section 37-212 of the statutes. They contend, and that contention is the basis of the action, that the statutory diversion of these fees to purposes other than the support of the common schools, and particularly the common schools in the political subdivisions wherein they may accrue, is unconstitutional.

They pray for an accounting; that the state treasurer be required to pay the fees to the clerk of the district court for distribution for the support of the common schools; and that section 37-212, *supra*, be declared unconstitutional and void.

To the petition the defendant filed an answer, the allegations of which, in the light of subsequent proceedings, need not be set out here.

To the answer the plaintiffs interposed a general demurrer.

It may also be noted that in the case the Nebraska Wildlife Federation, with leave of court, filed a petition in intervention to which plaintiffs' general demurrer was also directed but in the view we take of the case, discussion of this petition is not required.

The court, under the rule that a demurrer to an answer searches the entire record and is applicable to the first pleading found to be defective, found that the petition failed to state a cause of action, overruled the demurrer to the answer, in effect sustained it as to the petition and dismissed the action. See *Hower v. Aultman,* 27 Neb. 251, 42 N. W. 1039; *Oakley v. Valley County,* 40 Neb. 900, 59 N. W. 368; *City of Hastings v. Foxworthy,* 45 Neb. 676, 63 N. W. 955; *Hawthorne v. State,* 45 Neb. 871, 64 N. W. 359; *State v. Stuht,* 52 Neb. 209, 71 N. W. 941; *State v. Moores,* 52 Neb. 770, 73 N. W. 299; *Bank of Miller v. Moore,* 81 Neb. 566, 116 N. W. 167.

The question of whether or not hunting and fishing license fees, under a substantially similar statute, were distributable to school districts of the political subdivisions of

the state where collected has been previously construed by this court. The statute construed was the following: "All moneys derived from licenses and permits issued pursuant to this chapter shall by the state treasurer be paid over for the use of the school fund of the state." Rev. St. 1913, sec. 2702.

In interpretation and construction of the statute the court in *State ex rel. Stevens v. Nickerson,* 97 Neb. 837, 151 N. W. 981, said:

"It is argued that the money derived from the sale of hunting licenses is license money arising under the general laws of the state, and that such money cannot constitutionally go anywhere except into the treasury of some county; that Furnas county has a better claim to the money than any other county. This would be so if the license was levied or imposed in Furnas county. The act providing for the issuance of such licenses distinctly says that the license shall be issued by the state game and fish commissioner. It is imposed by the state without reference to any county, and for the benefit of all the schools of the state. To sustain appellant's contention would require us to declare the provisions of the act relating to game and fish unconstitutional. * * *

"The constitution does not specifically forbid the imposition of a license by the state at large. The legislature was constitutionally free to provide by what authority the licenses in question should be imposed upon those desiring to hunt and fish. The constitutional provision applies only to license money imposed by a county or some minor municipal corporation, and when a county imposes a license by virtue of a general law authorizing it so to do, such license money belongs to the county school fund. It does not forbid the state itself to impose licenses and direct how such money shall be used for the benefit of the schools. The legislature can exercise such general powers as are not forbidden by the constitution. * *· * It is apparent that the legislature meant to confer authority upon the state treasurer to collect the license moneys in question. The game

and fish commissioner and the various county clerks are agents of the state, and there is no conflict between the provisions of the act and those of the state constitution. The intent of the legislature does not seem obscure."

In *School District of Omaha v. Gass*, 131 Neb. 312, 267 N. W. 528, which is an action under the declaratory judgment law to determine the allocation of license fees collected under the liquor laws, the same principles are announced.

If these precedents contain sound statements of principle and of law, and we are convinced that they do, then it must follow that plaintiffs' theory that these fees belong to the subordinate political subdivisions of the state is without merit and their petition in that respect does not state a cause of action.

It will be noted that in both of the cases cited the statutes under consideration provided that the fees should go to the state school fund. The litigation was to determine whether or not the Constitution inhibited such allocation and in consequence of such inhibition required that they be distributed to the subdivisions of the state. Here the statute provides that the fees shall be used for purposes having no relation to schools.

We call attention to this but fail to find in it any material significance. Any restriction upon or inhibition against the legislative right to designate the purpose for which the fees may be used must be found in the Constitution, and we find no such restriction or inhibition. Attention is directed again to the quotation from *State ex rel. Stevens v. Nickerson, supra,* and particularly to the following: "The constitutional provision applies only to license money imposed by a county or some minor municipal corporation, * * * ." And the following: "The legislature can exercise such general powers as are not forbidden by the constitution."

It must follow that since the legislature is not forbidden by the Constitution to provide for the imposition of fees by the state itself upon persons seeking to hunt and fish and since there is no requirement that such fees, if imposed, shall go to the state school fund or to the school funds of the

minor divisions of the state, that it is within the legislative power to appropriate such fees to some legal purpose other than maintenance of schools.

It is not contended by appellants that the purposes to which these fees have been appropriated by the legislature are illegal. In fact the effect of the argument is to say that the purposes are legal since it is insisted that funds for the purposes contemplated by the act should be supplied from general taxation rather than by appropriation of fees collected under the act.

We conclude therefore that the petition failed to state a cause of action and that the judgment of the district court should be and is affirmed.

AFFIRMED.