STATE OF NEBRASKA EX REL. CLARENCE S. BECK, ATTORNEY GENERAL, RELATOR, v. BLAINE YOUNG, RESPONDENT.
48 N. W. 2d 677

Filed July 5, 1951. No. 33055.

*Clarence S. Beck,* Attorney General, and *Bert L. Overcash,* for relator.

*Gaines, Shoemaker & Crawford, Tyler B. Gaines,* and *Joseph R. Moore,* for respondent.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an original action in quo warranto instituted by the Attorney General to test the right of respondent, Blaine Young, to hold the office of member of the Nebraska Liquor Control Commission.

The record shows that the respondent was appointed as a member of the liquor control commission on May 7,

1946, for the term ending May 25, 1947, and on the latter date he was reappointed to the office for the statutory term of six years. Respondent accepted the appointment, qualified as required by law, and became liquor control commissioner during the times herein mentioned.

On April 16, 1951, the Governor of Nebraska, after giving notice thereof to respondent, held a hearing to determine whether or not respondent should be removed from the office of liquor control commissioner for having accepted gifts, gratuities, emoluments, and employment from liquor licensees by selling insurance to such licensees and by accepting commissions on insurance placed by such licensees with insurance brokers or agents, in violation of section 53-111, R. S. 1943. After said hearing and on April 21, 1951, the Governor directed the removal of respondent as a member of the liquor control commission. Respondent refused to surrender the office and this action in quo warranto was brought to determine by what warrant, if any, the respondent now holds the office of liquor control commissioner.

The facts are not in dispute. The respondent for many years before becoming a member of the liquor control commission was engaged in the insurance business in Omaha. For some years he operated his own agency, but during the times here involved he was brokering his business with general agents. By this manner of handling he turned the insurance business that came to him to the general agency which issued the policy, collected the premium, and remitted his commission to him. A number of respondent's insurance clients were liquor licensees who operated under the control of the liquor control commission. When respondent became a member of the liquor control commission he discontinued the solicitation of liquor licensees for insurance. It appears, however, that approximately 30 liquor licensees purchased insurance from the general agencies and directed that the account of respondent be credited with the commissions. Respondent received

approximately $2,400 in such commissions in 1949. It is the acceptances of these commissions that brought about the notice, hearing, and order of removal by the Governor.

The supreme executive power in the state is lodged in the Governor. Art. IV, § 6, Constitution. Except as limited by the Constitution itself the supreme executive power is to be exercised by the Governor and, under the division of powers devised by the Constitution, neither the Legislature nor the courts may exercise the powers thus conferred upon the executive branch. The power to remove an officer or employee in the executive branch of the government is an executive function. The lodging of the supreme executive power in the Governor by the Constitution reposes in the Governor the power to remove executive officers and employees of the government appointed by him, except as limited by the Constitution itself. The only limitation placed upon the executive power of the Governor in connection with the removal of executive officers and employees appointed by him is Article IV, section 12, of the Constitution, which provides: "The Governor shall have power to remove any officer, whom he may appoint, in case of incompetency, neglect of duty, or malfeasance in office, and he may declare his office vacant, and fill the same as herein provided in other cases of vacancy." Under this section of the Constitution we think it is clear that the Governor must specify charges against an officer or employee falling within its provisions, give notice and hearing, allege a ground of removal set forth in the constitutional provision, and produce evidence sufficient to sustain the action taken. Whether or not the provisions of Article IV, section 12, of the Constitution, have been complied with, is in the final analysis a question for the courts. As to all officers and employees in the executive department appointed by the Governor who do not fall within the class designated by Article IV, section 12, of the Constitution, they are removable at

the will of the Governor by virtue of the grant of the supreme executive power to him by Article IV, section 6, of the Constitution.

One of the primary questions to be here determined is whether or not a member of the liquor control commission is within the classification of officers and employees designated in Article IV, section 12. It is clear, we think, that the latter provision was intended to include all officers and employees in the executive department which were appointed by the Governor for a definite term. If this were not so the power of the Legislature to fix the terms of offices which it creates would be form without substance. Although not an executive department, the liquor control commission is an executive agency and its members are subject to the provisions of Article IV, section 12, of the Constitution. State ex rel. Johnson v. Chase, 147 Neb. 758, 25 N. W. 2d 1.

We have not overlooked the early decision of State ex rel. Hastings v. Smith, 35 Neb. 13, 52 N. W. 700, 16 L. R. A. 791. We think that the holding of the fifth paragraph of the syllabus in that case correctly states the rule. It provides: "Where the incumbent is elected or appointed for a definite term, and is removable only for specified cause, the power of removal cannot be exercised until there has been preferred against him specific charges of which he shall have notice, and an opportunity afforded him to be heard in his defense." Such holding is pursuant to the limitation contained in Article IV, section 12, of the Constitution, rather than under the grant of the supreme executive power of the Governor by Article IV, section 6, of the Constitution, in which latter event removal would be wholly at the will of the Governor without notice or hearing. We disapprove that part of State ex rel. Hastings v. Smith, *supra*, which purports to hold that Article IV, section 12, of the Constitution applies only to officers appointed by the Governor which are mentioned in the Constitution.

In creating the Nebraska Liquor Control Commission the Legislature provided in part as follows: "The Governor shall appoint three members of the commission, one of whom he shall designate as chairman. One member shall be appointed every two years and shall hold office for a period of six years. Any appointee may be removed by the Governor, after an opportunity to be heard, for malfeasance, misfeasance or neglect in office." § 53-106, R. S. 1943. It further provided: "No commissioner, secretary or person appointed or employed by the commission shall solicit or accept any gift, gratuity, emolument or employment from any person subject to the provisions of this act, or from any officer, agent or employee thereof, nor solicit, request from or recommend, directly or indirectly, to any such person or to any officer, agent or employee thereof, the appointment of any person to any place or position; and every such person, every officer, agent or employee thereof, is hereby forbidden to offer to any commissioner, secretary, or to any person appointed or employed by the commission, any gift, gratuity, emolument or employment. If any commissioner, secretary or any person appointed or employed by the commission shall violate any of the provisions of this section, he shall be removed from the office or employment held by him. Every person violating the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not more than five hundred dollars, or shall be imprisoned in the county jail not less than sixty days nor more than six months, or be both fined and imprisoned." § 53-111, R. S. 1943.

The power of the Legislature in the creation of an office, admittedly a legislative function, is limited to those matters which are defined as ingredients of the office. The general rule is that the power to appoint carries with it the power to remove, and even if the occupant may be subject to impeachment, the power of the Governor to remove remains wholly unaffected

by such fact. It is within the power of the Legislature to create an office, define its powers, limit its duration, and provide for the compensation of the occupant. The power of appointment and removal is in the Governor except as limited by Article IV, section 12, of the Constitution, and the legislative or judicial branches may not properly trench upon the executive power thus granted. Myers v. United States, 272 U..S. 52, 71 L. Ed. 160, 47 S. Ct. 21; State ex rel. Churchill v. Hay, 45 Neb. 321, 63 N. W. 821; Munk v. Frink, 75 Neb. 172, 106 N. W. 425.

It is asserted that the power of the Governor to remove a member of the liquor control commission is to be found in section 53-106, R. S. 1943. We do not think so. The power of the Governor to remove an executive officer or employee, appointed by him for a definite term, is found in Article IV, section 12, of the Constitution. The provisions of section 53-106, R. S. 1943, dealing with the power of removal, are merely declaratory of powers granted by this section of the Constitution and such provisions do not operate as a limitation upon the constitutional power conferred.

The charge here made is that respondent violated section 53-111, R. S. 1943, a penal statute, by accepting insurance commissions on policies issued to persons subject to the regulation and control of the liquor control commission. The evidence shows, and the respondent admits, that he received such commissions. It being an offense subject to punishment under the penal provisions of section 53-111, R. S. 1943, it affords ample grounds for removal by the Governor, since the charge constitutes malfeasance within the meaning of Article IV, section 12, of the Constitution.

By section 53-111, R. S. 1943, the Legislature evidenced an intention to prohibit a member of the liquor control commission to deal with persons subject to the regulation and control of the commission. The pertinent language used is: "No commissioner * * * shall

solicit or accept any gift, gratuity, emolument or employment from any person subject to the provisions of this act." The receiving of insurance commissions on policies issued to persons under the regulation and control of the liquor control commission is within the purview of the act. The purpose of the statute is to remove the temptation on the part of a commissioner to use his influence with those under the regulation and control of the commission for private gain. Experience shows that to permit such dealings has a tendency to create partiality and discrimination on the part of the officer in administering the functions of his office. It involves a question of public morals in the administration of government of which the supreme executive power could properly take cognizance in the performance of his constitutional duty to take care that the laws be faithfully executed and the affairs of the state efficiently and economically administered. This power flows from the Constitution itself and is self-executing. It exists whether or not the Legislature acts within its constitutional authority with reference to it. The right of the Governor to remove exists outside of the power of the Legislature to make the acts constituting the basis of the removal punishable under a penal statute.

The record shows that respondent had notice, a specification of charges, and a hearing. The specification of charges is sufficient and the evidence supports the charges made. The order of removal by the Governor is in all respects regular and binding. The respondent has not been an occupant of the office of liquor control commissioner since the issuance of the order of removal by the Governor. A judgment of ouster against respondent is hereby entered. The proper writ will be allowed to oust respondent from the office of liquor control commissioner if it be necessary in order to secure a vacation of the office by respondent.

JUDGMENT OF OUSTER.