STATE OF NEBRASKA EX REL. CLARENCE S. BECK, ATTORNEY GENERAL, RELATOR, v. JACK D. OBBINK, RESPONDENT.

109 N. W. 2d 288

Filed May 19, 1961. No. 34944.

*Clarence A. H. Meyer, Attorney General,* and *Gerald S. Vitamvas,* for relator.

*Ginsburg, Rosenberg & Ginsburg* and *Norman Krivosha,* for respondent.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

YEAGER, J.

This is an original action filed in this court. It was instituted by information of the State of Nebraska on relation of Clarence S. Beck, Attorney General of the

State of Nebraska. The information is in quo warranto and included is an application for temporary injunction. By reason of interim proceedings the matters involved in the application for temporary injunction require no consideration herein. The State of Nebraska will be hereinafter referred to as relator.

By the information to the extent necessary to state herein, it was alleged that Jack D. Obbink, who will be hereinafter referred to as respondent, was on April 30, 1959, appointed to the office of Director of Aeronautics of the State of Nebraska, pursuant to section 3-103, R. R. S. 1943; that he accepted the appointment, qualified, and was confirmed by the Legislature on June 25, 1959; and that on October 17, 1960, while the respondent was such Director of Aeronautics, the Honorable Dwight W. Burney, Governor of Nebraska, addressed a communication to him, the pertinent part of which is as follows: "This will confirm in writing the notice given you today that your services as Director of the Department of Aeronautics of this State are no longer required after today.

"You will please turn over the keys to the office occupied by the Department to either this office or the Building Custodian on leaving the office today."

It was further alleged that the communication was duly delivered; that thereby the office was vacated, respondent was removed as Director of Aeronautics, and he became ineligible to hold the office; that notwithstanding his removal the respondent usurped and invaded the office and unlawfully undertook to perform the duties of the office; and that the respondent would not vacate the office unless required so to do by the judgment of this court.

By the prayer the relator asks this court to inquire into the matter of the claimed right of the respondent to continue to perform the functions of Director of Aeronautics; that the order of the Governor of the State of Nebraska relieving the respondent of the duties

of the office be declared valid; and that the office be declared vacant.

To the information the respondent filed an answer. To the extent necessary to state its contents it is pleaded that the respondent was appointed by Governor Ralph G. Brooks for a term expiring January 5, 1961, and was regularly confirmed by the Legislature; that he performed his duties to October 20, 1960, when he was restrained from further performance thereof by order of this court; that the letter mentioned in the information was delivered to him; that no proceeding was instituted by Governor Burney to remove him from office and no inquiry or investigation was instituted for determining whether or not legal grounds existed for his removal; and that no legal cause existed for his removal as Director of Aeronautics.

By the prayer the respondent asked for a trial on the question of whether or not there was cause for his dismissal, and that he be declared the legal incumbent of the office.

To the answer the relator filed a general demurrer on the ground that the answer did not raise a valid defense.

The case is before this court on the question of whether or not the answer contains sufficient allegations of fact under law to constitute a defense to the information of the relator.

Two rules are always to be borne in mind in appraising the extent and sufficiency of a general demurrer to an answer. About this there is no controversy in the briefs. One of these is the following: "A demurrer to an answer searches the entire record and is applicable to the first pleading found to be defective." Wilcox v. Havekost, 144 Neb. 562, 13 N. W. 2d 889. Under this rule it becomes necessary to consider fully the information and the answer.

The other rule is that a general demurrer admits all of the allegations of fact in the pleading to which

it is addressed, which are issuable, relevant, and material, and which are well pleaded. See A-1 Finance Co., Inc. v. Nelson, 165 Neb. 296, 85 N. W. 2d 687.

In the light of these principles and the pertinent facts which appear in the summary herein of the pleadings it is ascertainable that the paramount issue which this court is called upon to determine is that of; whether or not Governor Burney had the power and right to dismiss and discharge the respondent as Director of Aeronautics without affording him the opportunity to have a hearing on the question of whether or not there was cause for dismissal, and without any assignment or declaration of cause.

The information without question discloses that the dismissal was on its face peremptory and without stated or declared cause.

The position of the respondent substantially is that he was not subject to dismissal without statement of grounds therefor, opportunity to be heard thereon, and a finding of the existence of grounds.

The relator on the other hand contends substantially that the Governor had the right and power to dismiss respondent at his will and that the right and power was not contingent upon grounds or hearing.

A determination of which of these two contentions is to be accepted depends upon the status of the respondent under the Constitution of the State of Nebraska, the pertinent provisions of statute, and the interpretation and definition of the rights of the respondent within that status.

Article IV, section 1, of the Constitution, contains the following: "The executive officers of the state shall be the Governor, Lieutenant Governor, Secretary of State, Auditor of Public Accounts, Treasurer, Attorney General, and the heads of such other executive departments as set forth herein or as may be established by law. * * * The heads of all executive departments established by law, other than those to

be elected as provided herein, shall be appointed by the Governor, with the consent of a majority of all members elected to the Legislature, but officers so appointed may be removed by the Governor."

Article IV, section 12, of the Constitution, provides: "The governor shall have power to remove any officer, whom he may appoint, in case of incompetency, neglect of duty, or malfeasance in office, and he may declare his office vacant, and fill the same as herein provided in other cases of vacancy."

Article IV, section 6, of the Constitution, provides: "The supreme executive power shall be vested in the Governor, who shall take care that the laws be faithfully executed and the affairs of the state efficiently and economically administered."

Chapter 3, article 1, R. R. S. 1943, contains the statutory provisions defining the Department of Aeronautics of the State of Nebraska and its functions, and the manner of its control. By section 3-103, R. R. S. 1943, provisions are made for a Director of Aeronautics. It was this position from which the respondent was dismissed.

The respondent has presented his case here on the assumption that the Department of Aeronautics is an executive department of government within the meaning of Article IV, section 1, of the Constitution, and that the director is an officer also within the meaning of the provision.

If this assumption is valid it follows that under the power specifically declared by Article IV, section 1, of the Constitution, the Governor had the power of removal. The position of the respondent is however that this power is limited by Article IV, section 12, of the Constitution, and the valid inferences and implications which flow therefrom.

In the light of the language of this provision and what this court has said in interpretation and application thereof the Governor may dismiss an officer

only for incompetency, neglect of duty, or malfeasance, after hearing or opportunity for hearing. An officer within the meaning of the provision is one whose term of office is fixed by law.

As to the power to dismiss this court said in State ex rel. Beck v. Young, 154 Neb. 588, 48 N. W. 2d 677: "The lodging of the supreme executive power in the Governor by the Constitution reposes in the Governor the power to remove executive officers and employees of the government appointed by him, except as limited by the Constitution itself. The only limitation placed upon the executive power of the Governor in connection with the removal of executive officers and employees appointed by him is Article IV, section 12, of the Constitution, * * *. Under this section of the Constitution we think it is clear that the Governor must specify charges against an officer or employee falling within its provisions, give notice and hearing, allege a ground of removal set forth in the constitutional provision, and produce evidence sufficient to sustain the action taken."

The requirements of Article IV, section 12, of the Constitution, as to hearing have no application where the appointment was to an office having no definite term. It is pointed out here that no term of office is fixed by law for the Director of Aeronautics.

In State ex rel. Hastings v. Smith, 35 Neb. 13, 52 N. W. 700, 16 L. R. A. 791, in a paragraph of the syllabus, it was said: "Where by law there is no fixed term of office and the incumbent holds during the pleasure of the appointing power, the power of removal is discretionary and may be exercised without notice or hearing." This statement was quoted with approval in State ex rel. Fischer v. City of Lincoln, 137 Neb. 97, 288 N. W. 499.

In State ex rel. Beck v. Young, *supra,* it was said: "The power of the Governor to remove an executive officer or employee, appointed by him for a definite term,

is found in Article IV, section 12, of the Constitution."

In the same opinion it was said: "As to all officers and employees in the executive department appointed by the Governor who do not fall within the class designated by Article IV, section 12, of the Constitution, they are removable at the will of the Governor by virtue of the grant of the supreme executive power to him by Article IV, section 6, of the Constitution."

It is true that there is no specific declaration or statement in the Constitution which makes Article IV, section 12, applicable only where an appointment is made to an office having a legally fixed term, and attention has not been called to any decision of this court in which that question was directly in issue. Such announcements have been made however in cases where there has been an enumeration of essential incidents and conditions which cause the provision to become applicable.

The generally accepted rule however is that where no provision is made by statute or Constitution for the removal of an incumbent from office, and it does not appear to have been the intention that he should hold office during his life, and there is no fixed tenure, it is necessary to consider the power of removal as incident to the power of appointment and as exercisable without notice and hearing. Cases from numerous jurisdictions supporting this rule are collected in Annotation, 99 A. L. R. 381.

It is also a general rule supported by cases in numerous jurisdictions that where no term of office has been fixed by law but the appointing authority has attempted to fix a definite term for the particular officer, the attempt is unavailing to prevent dismissal without notice and hearing. See Annotation, 91 A. L. R. 1097.

In the light of this analysis of the Constitution and the statutes creating the office of Director of Aeronautics and the facts as disclosed by the pleadings, it

must be said that the Governor, without hearing or notice of hearing, had the right and power to dismiss the respondent, unless for some other reason he was deprived of that right and power. The respondent by his brief has contended that there is some other reason which makes Article IV, section 12, applicable, and accordingly precluded the Governor from dismissing without notice and hearing.

He points out, and correctly, that the Legislature of 1945, by present section 3-103, R. R. S. 1943, created the Department of Aeronautics as a department and provided for a director, an officer, as its head. This was a department other than those previously existing which are named in section 81-101, R. S. Supp., 1959. This creative section did provide for confirmation of the director but it did not provide a term of office. It did not by specific reference or reasonable implication add this department to those named in either section 81-101, R. S. Supp., 1959, or section 81-109, R. R. S. 1943. The provision relating to fixation of term contained in section 81-109, R. R. S. 1943, has no application to the office of Director of Aeronautics.

This must be true since the terms of section 81-101, R. S. Supp., 1959, limit its application, and incidentally the application of section 81-109, R. R. S. 1943, to the departments named therein. It contains no provision for legislative addition of other departments. Neither by amendment nor by independent enactment has there been any legislation the effect of which would be to remove the restrictive character of the section, or permit other departments to come into being and be added to those departments specifically named in this provision.

The respondent's claim that he had been appointed to a fixed term within the meaning of sections 81-101, R. S. Supp., 1959, and 81-109, R. R. S. 1943, is without merit.

It must be said therefore that under no theory contained in the language of the answer of the respond-

ent or in its intendments may it be said that the Governor did not have the right and power to dismiss the respondent in the manner in which that dismissal was effected.

The demurrer of the relator to the answer is therefore sustained.

DEMURRER SUSTAINED.

SIMMONS, C. J., participating on briefs.