REQUESTED BY: Dear Senator:
You have requested our opinion as to the constitutionality of certain committee amendments to Legislative Bill 485, a copy of which amendments bearing the legend `LB485 REQ2531,' was attached to your letter of April 4, 1977.
At the present time section 81-502.01 provides for an advisory committee to the office of the State Fire Marshal and prescribes the composition of such committee. The declared purpose of such committee is simply that of `advising the State Fire Marshal in matters pertaining to the performance of his duties.' The committee amendments, in lieu of the advisory committee, would amend that section so as to establish a Nebraska Fire Safety Appeals Board, the composition of which would be the same as now applies to the advisory committee and the present members of the committee would continue to serve as members of the Fire Safety Appeals Board. The declared purpose of the board would be that of `assisting,' as distinguished from merely advising, the State Fire Marshal.
Section 81-502.02, at the present time, also pertains to the Fire Marshal advisory committee, prescribing its duties, compensation and times of meeting. The committee amendment to this section simply makes appropriate changes in internal references so as to accommodate the change from an advisory committee to the Fire Safety Appeals Board.
Section 81-502.03 pertains to procedure in the event of `disagreement concerning the propriety of any action taken or proposed to be taken by the State Fire Marshal or the application of any statute, rule, or regulation of his office with respect to any establishment or installation.' At the present time, this section simply provides for a hearing before the State Fire Marshal and his advisory committee, with the ultimate decision still being made by the Fire Marshal alone, `based upon the evidence brought forth in the hearing.' Under the committee amendments this section would be amended so as to vest the Fire Safety Appeals Board with the authority to make the ultimate decision. Additionally, the committee amendment would require that before any political or governmental subdivision could be required to `make any modification in the design or construction of any public building or any modification in the location, installation, or operation of any existing equipment therein, or the replacement of such equipment,' the Fire Marshal or a deputy shall personally appear before the governing body of such subdivision with a written report from a licensed architect or engineer reciting the reasons for the Fire Marshal's proposed order.
Of course, the practical effect of the committee amendments to LB 485 would be to transfer from the State Fire Marshal to the Nebraska Fire Safety Appeals Board the decision-making authority now vested in the Fire Marshal alone. Whereas the present advisory committee has no power to override any judgment of the Fire Marshal, the new board would have such power and the board would make the final decision in all cases of disagreement concerning any action or proposed action by the Fire Marshal. We are informed that the request for an opinion has been prompted by some apprehension in the committee as to whether such a result might be constitutionally prohibited. We think not.
Although the State Fire Marshal is what is normally considered an executive office, it is purely a statutory creation with no constitutional origination or protection. Inherent in the legislative power to create an office there is a corresponding authority to define, limit and alter the powers of such office. In the absence of some constitutional restriction, the Legislature may diminish or increase the powers of such office at will; or the office may be entirely abolished by the Legislature. State v. Houston,94 Neb. 445, 143 N.W. 796; State ex rel. Beck v. Young,154 Neb. 588, 48 N.W.2d 677. We find nothing in the Constitution which would prohibit the Legislature from enacting the proposed committee amendments to LB 485.
Although not a matter of constitutional dimensions, we invite your attention to an apparent inconsistency in section81-502.02, wherein the last sentence provides:
 "Nothing in sections 81-502.01 to 81-502.03 shall be construed as reducing the statutory powers of the State Fire Marshal."
That language presently is in the statutes and would remain notwithstanding the LB 485 amendment. Most certainly, the creation of the Nebraska Fire Safety Appeals Board would drastically reduce the previous statutory powers of the State Fire Marshal; and, presumably, that would be the legislative intent in the event the LB 485 amendment were adopted. It could be argued, of course, that the proviso should be construed as though it contained the additional words `except as therein expressly provided,' or something to that effect. However, whereas the last sentence of section81-502.02 is quite appropriate under the present advisory committee arrangement, it does seem unfitting, if not contradictory, for such language to remain in the amended version of LB 485. It is a matter which could give rise to confusion and controversy; and it occurs to us that the committee might want to give some consideration to deleting the provision in the amendment.