REQUESTED BY: Senator Chris Beutler, Chairman Legislative Executive Board State Capitol, Room 2108 Lincoln, Nebraska 68509
Dear Senator Beutler:
The purpose of this letter is to clarify the policies of the Attorney General regarding the issuance of opinions to members of the Legislature. It is the intent of this letter both to correct any misunderstandings which may presently exist in this regard, and to provide some recommendations and suggestions which will facilitate our response to any future requests.
Neb.Rev.Stat. § 84-205(3) (Reissue 1981) provides that on the duties of the Attorney General shall be "To give, when required, without fee, his opinion in writing upon all questions of law submitted to him by . . . the Legislature." The general duty of the Attorney General to issue such opinions has been interpreted by the court to mean that state officers are entitled to advice upon questions of law which arise "in the discharge of their duties." Fullmer v. State, 94 Neb. 217, 142 N.W. 908
(1913). This office has likewise historically viewed its responsibility to issue opinions in this same light.
In the case of requests from members of the Legislature, we have limited the issuance of such opinions for "valid legislative purposes" only. The Legislature's purpose is, of course, to make, alter or repeal laws. See, Nebraska Public Power District v. City of York, 212 Neb. 747, 326 N.W.2d 22 (1982). It is the function of the executive branch to apply and enforce those laws, and the judicial branch to interpret those laws. Consequently, it has been and continues to be the policy of the Attorney General that we issue legal opinions to state legislators which pertain only to pending or proposed legislation. In this regard it is also our policy to decline opinion requests from legislators concerning the constitutionality, or seeking interpretations, of existing statutes. The rationale for this policy will be explained more fully below.
There are two exceptions to this policy. The first exception is where the interpretation of an existing statute is directly related to the proposed or pending legislation, or in turn where the proposed legislation is dependent upon such an interpretation. The second exception is where the requested interpretation pertains directly to the performance of some function or duty by the Legislature itself.
Likewise, we will not issue legal opinions for the personal use or benefit of state legislators, their constituents, or any private individual, group or other entity. Inasmuch as we are the attorneys representing the State of Nebraska, we do not issue private legal opinions. It would thus be inappropriate for us to do so merely because such a request has been channeled through a state legislator.
The reasons for our policy limiting opinions to legislators on matters pertaining to proposed or pending legislation, and in turn declining such requests for opinions concerning existing statutes, are really twofold. The first principle involves the concept of the separation of powers set forth in our Constitution, Article II, Section 1, which states simply that:
The powers of the government of this state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.
As we have indicated, it is the function of the Legislature to enact legislation, and not to interpret or enforce existing statutory provisions. Consequently, it would serve no valid legislative purpose to issue an opinion to a legislator concerning the interpretation and enforcement of a particular statute, when the Legislature has no authority in this regard. This responsibility is the function of the executive branch of the government and under our separation of powers doctrine it is essential that no one branch encroach upon the powers reserved to another. See, State ex rel. Beck v. Young, 154 Neb. 588,48 N.W.2d 677 (1951).
Likewise, it would be inappropriate and serve no valid legislative purpose to comment to a legislator upon a particular interpretation of an existing law adopted and applied by the executive branch of government. We will, of course, issue opinions concerning the interpretation of existing statutory law to the appropriate arm of the executive branch of government charged with enforcing that law, as such agencies or officers are also entitled to opinions which are necessary to enable them to discharge their particular duties under the Constitution. Thus, unless an interpretation of existing statutory law pertains directly to proposed or pending legislation, such an opinion would serve no valid legislative purpose, and any such requests by legislators will accordingly be declined.
The second reason for declining opinion requests from legislators concerning existing statutes, and particularly requests as to their constitutionality, is more practical. This office is required by law to defend existing statutes, or any interpretation and application of these statutes adopted by the executive branch of government, if challenged in a court of law. Consequently, we are not in a position to issue opinions on the constitutionality of existing statutes, or the validity of a particular executive interpretation, absent some unique circumstance, such as a court decision calling into question that very issue.
As indicated, we also wish to provide some suggestions in order to expedite our responses to your opinion requests. Such requests should always be accompanied by the relevant proposed or pending legislation, and any pertinent amendments to that legislation. Likewise, copies of any other documentary material necessary to answer your specific questions should also be attached. The failure to do so may well result in a delay to your response.
Opinion requests should always set out your specific legal concerns or questions. Requests such as "Is this law constitutional or legal," are simply too vague and thus inappropriate for a response from this office. Consequently, any such requests will be returned for a more detailed and specific statement of the issue or issues you wish addressed.
In closing, I assure you that we are committed to serve all members of the Legislature and their staffs as effectively as possible. We shall try our best to be responsive, competent and prompt. We welcome your suggestions as to how we can serve you better. In this regard, we would also note that this office is always available for informal discussion of any legal issues pertinent to any valid legislative purpose.
Sincerely,
Robert M. Spire Attorney General